RIBON v. RAILROAD COMPANIES.

A majority of the stockholders and creditors of a railroad company which had several mortgages on the road, agreed to sell it for a price offered, and to divide the proceeds among all the stockholders and creditors in a way settled on by those agreeing to the plan. Other stockholders and

creditors refusing to agree, in order to get around their opposition a sale was effected through the action of the majority, by an amicable foreclosure of mortgage, the trustees in one of the mortgages being complainants, and those in other mortgages, with the corporation whose road was intended to be sold, the defendants. The dissatisfied stockholders and bondholders then filed a bill against the purchaser and the railroad corporation whose road had been sold, *but not making any of the trustees or any of the consenting stockholders parties*, charging collusion in this sale, and praying that it might be set aside, a resale made, and the money arising from the sale be applied primarily to their benefit. *Held*, that the bill was fatally defective for want of proper parties.

APPEAL from the Circuit Court for the District of Iowa.

Ribon and several others, bondholders and stockholders in the Mississippi and Missouri Railroad Company, filed a bill against the Chicago, Rock Island, and *Pacific* Railroad Company, to set aside as collusive and fraudulent a sale which had been made of the road of the former company (one which had numerous stockholders, and also numerous bond creditors, secured by five different mortgages) to the latter company, through means of an amicable foreclosure and decree, in which certain persons, trustees in one mortgage given by the latter company, were complainants, and certain other persons, trustees in four other mortgages given by the same company, along with the company itself, were defendants.

The bill alleged an agreement between a company called the Chicago and Rock Island Railroad Company, and a majority of the bondholders and stockholders of the Mississippi and Missouri road, by which this latter road should be sold to the former company, and the proceeds divided among the bondholders and stockholders of the latter, in a way fixed upon; that there being several stockholders and bondholders in the latter company who dissented from this arrangement, a scheme was devised by the majority of the stockholders, *to which the different trustees under the different mortgages were parties*, to carry the thing out in the way above named, and so cut off those who dissented; and the execution of the scheme through a sale of the Mississippi and Missouri Railroad to the old Chicago and Rock Island Company, with a some-

what different organization, and a name so far changed as to have the addition of "Pacific."

The bill was filed by the complainants for themselves and such other dissenting bondholders and stockholders as should choose to become parties and contribute; and it prayed, as already stated, that the sale might be set aside; praying further that the property might be resold under the decree; that the money arising from the sale be applied, first, to the payment of the bonds of the complainants and of any dissenters who might come in, and be afterwards applied upon the stock of the complainants and of any dissenters who might come in; and praying for other and further relief.

It made both the Chicago, Rock Island, and Pacific company (the company purchasing), and the Mississippi and Missouri company (the company whose road had been sold), defendants; *but it did not make any of the stockholders through whose assent the trustees had acted, nor the trustees through whose act the scheme was charged to have been actually consummated, parties.*

For these omissions, as of indispensable parties, the defendants demurred; and the court below sustained the demurrer and dismissed the bill. Ribon and his co-complainants appealed.

*Mr. J. Grant,* for the appellants, cited *Dodge v. Woolsey;*\* *Mr. T. F. Witherow,* contra.

Mr. Justice SWAYNE stated particulars of the case, and delivered the opinion of the court.

This is an appeal in equity from the decree of the Circuit Court of the United States for the District of Iowa. The appellants are the complainants. A brief statement of the case as presented in the record will be sufficient for the purposes of this opinion.

The Mississippi and Missouri Railroad Company was incorporated to construct a railroad from Davenport, on the

---

\* 18 Howard, 331.

Mississippi River, to a point at or near Council Bluffs, on the Missouri River. It executed five mortgages to secure different sets of bonds, and issued stock in shares of $100 each, to the amount of $3,500,000. The company built a part of its roadway, and became greatly embarrassed. A large majority in interest of the bondholders and stockholders decided to sell all the property of the company to the Chicago and Rock Island Railroad Company, or to such other corporation as that company might designate to receive the transfer; and in order to pass the title it was determined to have the mortgages foreclosed and a sale made under the decree. The Rock Island company entered into the arrangement, and agreed to pay $5,500,000 as the consideration of the sale. Payment was to be made in bonds as specified in the contract. The majority in interest of the bond and stockholders of the Mississippi company agreed among themselves as to the distribution of the fund. Such proceedings were subsequently had that under a decree in a suit in equity, wherein the trustees in one of the five mortgages were complainants, and the trustees of the other four and the Mississippi company were defendants, a sale was made to the Chicago, Rock Island, and *Pacific* Railroad Company for the sum of $2,100,000. Five and a half millions of the bonds of the purchasing company were nevertheless paid over according to the prior contract, and have been distributed according to the agreement among themselves, of the majority in interest of the stockholders and bondholders of the Mississippi company. The Chicago, Rock Island, and Pacific company is in possession of the property so sold to them, and operating the finished part of the road. It is not denied that the proceedings touching the sale are, upon their face regular and valid.

The holders of the bonds of the Mississippi company, to the amount of $185,000 and of six thousand shares of the stock, refused to become parties to the arrangements and proceedings of the majority in interest—never assented to the sale, and did not participate in the distribution of the proceeds.

The complainants are dissenting bond and stockholders. They filed this bill for themselves and such other dissenters as might choose to become parties and contribute to the costs of the litigation. The prayer of the bill is that the sale may be declared fraudulent and void; that the property may be resold under the decree; that the money arising from the sale be applied, first, to the payment of the bonds of the complainants and of the other dissenting bondholders who may become parties, and that the residue be applied upon the stock of the complainants and of such other dissenters as may become parties, and for other and further relief.

The appellees demurred to the bill, and assigned for cause, among others, the want of indispensable parties. The demurrer was sustained, and the complainants not electing to amend, the court dismissed the bill.

The want of parties is the only point we have found it necessary to consider.

The rule in equity as to parties defendant is that all whose interests will be affected by the decree sought to be obtained must be before the court; and if any such persons cannot be reached by process—do not voluntarily appear, or from a jurisdictional objection going to the person in the courts of the United States, cannot be made parties—the bill must be dismissed. Where a decree can be made as to those present, without affecting the rights of those who are absent, the court will proceed. But if the interests of those present and of those absent are inseparable, the obstacle is insuperable. The act of Congress of 1839 and the rule of this court upon the subject give no warrant for the idea that parties whose presence was before indispensable could thereafter be dispensed with. The subject was fully considered in *Shields* v. *Barrow.** What is there said need not be repeated.

The rule that all to be affected by the result must be before the court is subject to certain exceptions. But they

---

* 17 Howard, 130.

have no application to the case before us, and need not, therefore, be considered. The rule, as we have stated it, is well settled in equity jurisprudence.*

In the case before us the two railroad companies were properly made defendants—the Mississippi and Missouri company because it was the mortgagor and the owner of the mortgaged premises up to the time of the sale, and because if the sale were annulled its title would be restored; the Chicago, Rock Island, and Pacific company, because it was the purchaser and is in possession of the property under a claim of title. But the Mississippi and Missouri company has nothing at stake. It is without means, present or prospective. It has been stripped of all its property and effects, and only cumbers the ground.

The trustees in the five mortgages which were foreclosed should have been made parties. Their presence as such was indispensable. If the sale should be annulled they might be in the situation of the plaintiff who collects a judgment which is afterwards reversed. He may be called upon to refund and compelled to do so. A question would also arise whether the consideration of the agreement under which the five and a half millions of bonds were paid had not failed, and whether all the bondholders and stockholders who participated in the distribution of the proceeds of the sale should not be required to refund. If either or both were too numerous for all to be brought before the court, some might have been made parties in their own behalf and as the representatives of the others.†

*Dodge* v. *Woolsey et al.*,‡ to which our attention was called by the learned counsel for the appellants, presents no material points of analogy to the case before us, and affords no support to this bill in the particular under consideration. The bill in this respect is fatally defective. We do not deem

---

* Caldwell *v.* Taggart, 4 Peters, 190; Story *v.* Livingston, 13 Id. 359; Marshall *v.* Beverley, 5 Wheaton, 313; Coy *v.* Mason, 17 Howard, 580; Russell *v.* Clark's Ex'rs, 7 Cranch, 69.

† Story's Equity Pleadings, 7th ed., §§ 120–121, 128, 131, 132, and notes.

‡ 18 Howard, 331.

it necessary to pursue the subject further. The demurrer was properly sustained and the bill properly dismissed.

<div align="right">

DECREE AFFIRMED.