### EVANS *v.* FAXON and others.

*(Circuit Court, N. D. Illinois.* February 13, 1882 )

1. REMOVAL OF CAUSE—REMAND.

When the jurisdiction of this court is not clear, from the facts as presented, as to whether one of the defendants, a citizen of the same state as the plaintiff, is a necessary or only a formal party, and there is not a controversy wholly between citizens of different states and which can be fully determined as between them, the case will be remanded to the state court.

*George C. Fry,* for plaintiff.

*McConnell, Raymond & Rogers,* for defendants.

DRUMMOND, C. J. The facts in this case, as disclosed by the bill, are that the plaintiff, in 1873, being indebted to Walter Faxon, executed a deed of trust to Joel D. Harvey to secure the indebtedness, and by the terms of the deed of trust the trustee was authorized, upon the non-payment of any of the notes representing the indebtedness, to cause the real property named in the deed of trust to be sold, upon giving notice in the manner pointed out in the deed. The money becoming due and unpaid, the trustee in 1879, at the request of the creditor, gave notice of the sale of the property, and it was accordingly sold to Edwin Faxon for $2,400; and the bill alleges that the title stands on the record in his name. A bill was filed in the state court on the fifteenth of September, 1881, by the plaintiff, to redeem the land, and to set aside the sale because of informalities, and a non-compliance with the conditions prescribed in the deed of trust, on which alone the power to sell was to be exercised. On the fifth day of November, 1881, the trustee answered the bill, denying that there were any informalities, or that there was a non-compliance with the conditions prescribed in the deed of trust. The plaintiff and the trustee were and are citizens of Illinois. Edwin and Walter Faxon were and are citizens of Massachusetts. The two latter, on entering their appearance in the state court on the sixteenth day of December, 1881, made an application to remove the case to this court, and filed the proper petition and bond, alleging that the trustee

was only a nominal party. A motion is now made to remand the case on the ground that the trustee is a necessary party, and, being a citizen of the same state as the plaintiff, it was not subject to removal.

If the trustee is only a nominal party the case could be removed under the twelfth section of the act of 1879, because the plaintiff is a citizen of Illinois, and the Faxons are citizens of Massachusetts; but if the trustee is a necessary party to the litigation, then the cause could only be removed under the last clause of the second section of the act of 1875.

Under our law the trustee was clothed with the legal title to the land. The bill seeks to redeem the land, and so to revest the title in the grantor.

There are two questions in the case as made by the bill. The *first* is whether the trustee duly executed the power by the sale of the property. The *second* is whether the plaintiff has the right to redeem the land. As the bill attacks the sale made by the trustee and asks that it be set aside, and makes the trustee a defendant, it would seem as though that was a controversy to which the trustee was a party, and that he would necessarily have the right to defend his action, and to show that the power was duly executed. It is said that the trustee being clothed with only the legal title, and having sold the land to Edwin Faxon, the title has passed to him by the sale, although the trustee may not have properly executed the power contained in the deed. And it is further insisted that Edwin Faxon stands in the place of the trustee; and as the rule is that whoever purchases land which a trustee sells under a power contained in a deed is bound to see that the trustee duly executes the power, therefore he is in the same position as the original trustee, clothed simply with a legal title. To a great extent this is perhaps true, because it is clear, if the power has not been duly executed, the purchaser has not acquired a *good* title to the land; but still it is also true that whether Harvey properly executed the power is a controversy in which he is interested, and which is involved in this suit. He sold the property to Edwin Faxon for $2,400. The necessary inference from the pleadings is that the money was paid to him by the purchaser, and if the sale is set aside because of a non-execution of the power by him as trustee, he would be responsible to the purchaser for the money received from him; and if this case should proceed to decree with Harvey as a party, and the court should find, and so decree, that the power was not properly executed, that would bind Harvey in any proceeding which might be instituted on the part of the purchaser

against him; so that although the bill does not ask for any special relief as against Harvey, still Harvey has necessarily to be a party to the decree which might be rendered in the case, and by which he would always be bound; and it would seem to follow that, because he would be bound by such a decree, he is not a mere nominal party to this litigation.

The language of the last clause of the second section of the act of 1875 is:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the circuit court of the United States for the proper district."

Now, it can hardly be said that, in this case, under the allegations of the bill, and with Harvey as a defendant in the suit on answer filed in the state court before it was sought to be removed, that there is in this case a controversy which is wholly between citizens of different states, and which can be fully determined as between them.

In the case of *Ribon* v. *Railroad Co.* 16 Wall. 446, the railroad company had executed several deeds of trust upon its property, making various persons trustees. An arrangement was made by the railroad company with another railroad company by which a bill was filed by some of the trustees against other trustees and the grantor railroad company, to foreclose the deeds of trust, so that the other railroad company might become the purchaser of the property for a certain price, and be reorganized. Some of the bondholders and stockholders of the company that executed these deeds of trust were not parties to and were dissatisfied with the agreement that had been made between the two companies, and filed a bill to set aside the decree in the foreclosure proceeding, on the ground that it was collusive. The two railroad companies were made parties to this bill, but not any of the trustees or stockholders of the grantor railroad. The supreme court of the United States held that it was necessary that the trustees should be made parties, and affirmed a decree dismissing the bill because they were not. It was admitted that the foreclosure proceedings and decree and sale were regular and valid on their face, and as the trustees were all parties to the decree there would seem to be no doubt that the legal title passed to the purchaser under the decree of foreclosure; but the ground upon which the supreme court held that the trustees were indispensable parties was that if the sale should be annulled they might be called upon and required to refund in the

same manner as a plaintiff who collects a judgment which is afterwards reversed; and as the proceeds of the sale of the grantor railroad were to be divided among its bondholders and stockholders in a certain manner agreed upon between the parties, they might also be required to refund. So in this case, as has already been stated, if this sale is set aside, Harvey, the trustee, may be required to refund the proceeds of the sale. I cannot dispose of this case as though the trustee were not a party to the litigation. He is a party; has answered the bill, defending the sale which he has made, and alleging that it was valid, and that there was a due execution of the power. The only ground upon which the bill of the plaintiff proceeds is that because the sale was invalid he has a right to redeem from the deed of trust. The two things are dependent on each other, and necessarily connected together. *Blake* v. *McKim*, 103 U. S. 336. So that the jurisdiction of this court not being clear upon the facts as presented, it will be remanded to the state court.