Hope *et al. vs.* The Mayor, etc., of Gainesville.

1. Where it appears from the whole of a legislative act that the great purpose and object was to create a corporation to lay out and construct a railroad between certain points, any instrumentality authorized by the act in aid of, to conduce to, and to assist the one great purpose of the act, is not a different subject-matter; and the act is not unconstitutional as containing more than one subject-matter or matter different from that expressed in the title There-fore the inclusion in the act of 1872, to incorporate the Gainesville, Jefferson and Southern Railroad, and for other purposes therewith connected, of a provision that any corporate town or city of this state interested in the construction of said road might subscribe to the capital stock of the company by an election to be held for that purpose, and that the subscription of the city of Gainesville to the Gainesville and Jefferson Railroad is legalized and confirmed as a subscription to the Gainesville, Jefferson and Southern Railroad Company, did not render it unconstitutional.

    (a.) The objection should be serious and the conflict between the statute and the constitution plain and unmistakable before the judiciary should disregard a legislative enactment upon the ground that it embraced more than one object, or if but one object, it was not sufficiently expressed in the title.

2. Where such an act was on its passage before the legislature at the same time with an amendment to the charter of the city of Gainesville, by which it was provided that the city council should have power to issue the bonds or notes, or both, of said city for the purpose of improving its streets and promoting its growth and advancement and educational facilities, and all the property of said city should be bound for their redemption, provided that the debt of said city should at no time exceed $35,000, such acts did not conflict with each other. The amendment to the city charter, in limiting the debt of the city, had reference to a debt or debts incurred for improving the streets, etc., as mentioned therein, and not to subscriptions to the corporate stock of this railroad. The

amendment to the city charter having been approved the day after the charter of the railroad, did not repeal or render illegal the provisions of the other act.

(a.) The act of February 22, 1873, removes all doubt by amending the act limiting the city's indebtedness and providing that no part thereof should be construed to affect in any manner the city's subscription to the stock of the railroad.

3. Equity seeks to do full and complete justice, and all parties interested in the subject-matter of a suit should be made parties thereto. The injunction could have been refused for want of proper parties, the holders of bonds, the payment of which it was sought to enjoin, not being parties

April 15, 1884.

Constitutional Law. Laws. Charters. Railroads. Municipal Corporations. Before Judge STEWART. Hall County. At Chambers. January 24, 1884.

Hope *et al.*, filed their bill against the Mayor and Council of the city of Gainesville, alleging that they were citizens and tax-payers of that place; that on or about July 1, 1880, defendants issued city bonds to the amount of $30,000.00, and on or about August 5, 1881, they issued other bonds to the amount of $20,000.00; that all of these were issued to pay a subscription of the city of Gainesville to the stock of the Gainesville, Jefferson and Southern Railroad; that the bonds are held by persons unknown to complainants; that defendants are preparing to pay the first installment of interest on these bonds to the amount of $1,750.00; and that the subscription to the stock was illegal and invalid, and the bonds void. The prayer was for injunction to prevent the defendants from paying the interest on the bonds, or from assessing a tax to pay the principal or interest on the bonds, and for subpœna and general relief. The legal principles pressed before the Supreme Court are stated in the decision.

Defendants answered; and on the hearing, upon the bill, answer and numerous affidavits *pro* and *con*, the chancellor refused the injunction, and complainants excepted.

GEO. N. & D. P. LESTER; W. F. FINDLEY, for plaintiffs in error.

HOPKINS & GLENN, for defendants.

BLANDFORD, Justice.

The question presented by this record is, whether the act to incorporate the Gainesville, Jefferson and Southern Railroad Company, and for other purposes therewith connected, approved August 23, 1872, is constitutional or not. The act provides for the incorporation of certain persons and such others as may be associated with them as a body corporate by the name of the Gainesville, Jefferson and Southern Railroad Company; that they may hold and convey real estate. The 5th section of the act provides that they may survey, lay out and construct a railroad from the city of Gainesville, in Hall county, by way of Jefferson, in the county of Jackson, to some point they may select on the Georgia Railroad or on the Athens Branch Road. And by the ninth section of this act it is further provided, that any corporate town or city of this state, interested in the construction of said road, may subscribe to the capital stock of said company, by an election to be held in said city or town, as provided by the constitution. And the subscription of the city of Gainesville to the Gainesville and Jefferson Railroad is legalized and confirmed as a subscription to the Gainesville, Jefferson and Southern Railroad Company.

Before the passage of this act, the people of Gainesville had, by a vote authorized by a resolution of the mayor and council, granted a subscription of thirty thousand dollars to the capital stock of the Gainesville and Jefferson Railroad; and after the passage of this act, the citizens of Gainesville, by an election held for that purpose, authorized the municipal authorities to increase the subscription of the city to the capital stock of said company to fifty thousand dollars. This subscription was made by the

authorities of Gainesville, and fifty thousand dollars of the bonds were issued by said city and turned over to said railroad company, and stock to the amount of fifty thousand dollars in said railroad company was issued to said city of Gainesville. These bonds were sold, and the proceeds applied to the construction of said road.

1. It is contended by the able and learned counsel for plaintiff in error, that the act of August 23, 1872, is unconstitutional and void, because it violates paragraph 5, section 4, article 3 of the constitution of 1868 of this state, which declares " that no law or ordinance shall pass which refers to more than one subject-matter and contains matter different from that expressed in the title thereof." And it is insisted that the case of the *Board of Education of Americus vs. Barlow et al.*, as reported in 49 *Ga.*, 232, is in point, and decides this case. While we admit that there is much reason and force in this position of plaintiff in error, yet we think that the case relied on must be left to stand on its own peculiar merits, and is not to be extended beyond the plain and obvious facts of that case. It is, to say the least of it, of doubtful authority. And the same bench which made this decision afterwards modified it. 52 *Ga.*, 627. See also *Howell vs. State*, 71 *Ga.*, 224. Whether an act of the legislature contains matter different from that which is expressed in its title, or refers to more than one subject-matter, is not at all times easy of solution, and it is somewhat difficult to lay down any general rule by which this is to be determined. In the case of Rader *vs.* Township of Union, 39 N. J. L., 509, Chief Justice Beasely says of a similar provision in the constitution of New Jersey to the one here under consideration, that its purpose is plainly two-fold : " First, to ensure a separate consideration for every subject presented for legislative action. Second, to ensure a conspicuous declaration of such purpose. By the former of these requirements, every subject is made to stand on its own merits, unaffected by 'improper influ-

ences' which might result from connecting it with other measures having no proper relation to it; and by the latter, a notice is provided, so that the public, or such part of it as may be interested, may receive a reasonable intimation of the matters under legislative consideration." The constitution only requires substantial unity in the statutable objects. See Cooley's Const. Lim , 146, n. 1.

The Supreme Court of the United States, 107 U. S. 155, by Harland, J., held this language : "It is not intended by the constitution of New Jersey that the title to an act should embody a detailed statement, nor be an index or abstract of its contents. The one general object, the creation of an independent municipality, being expressed in its title, the act in question properly embraced all the means or instrumentalities to be employed in the accomplishing the object."

We think these principles are sound, and that an act cannot be obnoxious to the objections urged against the act of 1872, when it appears from the whole act that the great purpose and object of the legislature was to create a corporation to lay out and construct a railroad between certain points, and to carry out this object and purpose certain means and instrumentalities were authorized by the act. Yet because the means are provided in the act by which this railroad is to be laid out and constructed and the object of the legislature effected, it is said it renders the act void, as containing more than one subject-matter. We do not think so. When it is plain by the act a certain thing is to be done, any instrumentality authorized by the act in aid of, to conduce to, to assist, the one great purpose of the act is not a different subject-matter, but is part of the main subject-matter; it is a part of the " substantial unity in the statutable object," and is not unconstitutional. The objections should be serious and the conflict between the statute and the constitution plain and unmistakable before the judiciary should disregard a legislative enactment, upon the ground it embraced more than one object,

or if but one object, it was not sufficiently expressed in the title.

2. It is further contended in behalf of the plaintiff in error, that the act amending the charter of the city of Gainesville, approved the 24th day of August, 1872, by its 6th section, limits the debt of the city to thirty-five thousand dollars, and that therefore the issuing of fifty thousand dollars of the bonds of the city to pay the city's subscription to the Gainesville, Jefferson and Southern Railroad was unauthorized by law and illegal.

The 6th section of the act provides that the mayor and council shall have power and authority to issue the bonds or notes, or both, of said city for the purpose of improving its streets and promoting its growth and advancement and educational facilities, and all the property of said city shall be bound for their redemption, provided that the debt of said city shall at no time exceed thirty-five thousand dollars.

This act was approved the day after the act incorporating the Gainesville, Jefferson and Southern Railroad was approved. These two acts were before the legislature at the same time, and it may be fairly inferred that they were not in any manner in conflict; that the act of the 24th of August, 1872, which limited the debt of the city to thirty-five thousand dollars, referred to a debt or debts to be incurred for improving the streets, etc., as mentioned in the sixth section of the act, and not to subscriptions to the capital stock of the Gainesville, Jefferson and Southern Railroad, as provided in the act approved the 23d of August, 1872.

But whatever doubt there might be as to this question, the same is resolved by the 18th section of an act to amend the several acts incorporating the city of Gainesville, and for other purposes, approved 22d February, 1873, which section, after re-enacting the 6th section of the act of 24th August, 1872, with the proviso that the debt of said city shall not exceed thirty-five thousand dollars, contains a

further proviso, "that no parts of this act shall ever be construed to affect, in any manner whatever, the subscriptions of the city of Gainesville to the Gainesville, Jefferson and Southern Railroad Company, and to the Rome and Raleigh Railroad Company. Thus do all doubts cease. Whatever constitutional objections there might be to the act of the 23d August, 1872, and to the power to increase the debt of Gainesville over thirty-five thousand dollars, under the act of August 24th, 1872, this last act of 22d February, 1873, makes all things plain and easy; it is a clear legislative assent to the right and authority of the city of Gainesville to make subscriptions to the Gainesville, Jefferson and Southern Railroad.

3. Equity seeks to do full and complete justice, and for this purpose it is a fundamental rule of equity that all persons interested in the subject-matter of a suit shall be made parties thereto. Now, it strikes us that the holders of the bonds of the city of Gainesville, the payment of the interest upon which is sought to be enjoined by this proceeding, are interested in this suit. They are the creditors; their rights and interests are sought to be affected by this suit; they are necessary parties to this proceeding, and while we think that the injunction was properly refused upon the other points mentioned, yet we think that the injunction could have been well refused upon this last ground.

Judgment affirmed.