## DETWEILER v. HOLDERBAUM et al.

*(Circuit Court, S. D. Iowa. June 3, 1890.)*

1. FEDERAL COURTS—JURISDICTION—SUITS TO FORECLOSE MORTGAGES—PARTIES.

Rev. St. U. S. § 737, provides that, when there are several defendants in any suit in the federal courts, one or more of whom are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to trial and adjudication of the suit between the parties who are properly before it; but the judgment rendered thereon shall not conclude or prejudice other parties not regularly served with process, nor voluntarily appearing to answer, and the non-joinder of such other parties shall not constitute matter of abatement or objection to the suit. *Held*, that the act does not give the circuit court jurisdiction of a suit to foreclose a mortgage given by an executor under a power in the will on land devised to testator's children, where some of the devisees are non-residents, and are neither made parties defendant, nor appear to answer.

2. SAME.

In such case the court cannot proceed with the suit, and foreclose the mortgage, without affecting the interest of the devisees who are not parties, since, the mortgage covering all the land, and the devisees being joint tenants, a decree would affect the interest of the non-resident devisees just as if they owned the entire property.

3. SAME.

Nor can the mortgage be foreclosed as to the interest of those devisees only who are parties to the suit, since the entire lien would thus be cast on their interest.

In Equity. Bill to foreclose a mortgage on real estate.

Rev. St. U. S. § 737, relating to the jurisdiction of federal courts, provides that, "when there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process, nor voluntarily appearing to answer, and non-joinder of parties who are not inhabitants nor found within the district as aforesaid shall not constitute matter of abatement or objection to the suit."

*Kauffman & Guernsey*, for complainant.

*John Leonard & Son* and *Gatch, Connor & Weaver*, for defendants.

SHIRAS, J. Michael Holderbaum was during his life-time a resident of Iowa, owning a farm in Page county, in this state. By his will, he appointed A. C. Holderbaum executor thereof, and authorized him to negotiate a loan to take up certain mortgages then existing against his realty. His property was devised to his children and grandchildren. After his death, his executor negotiated a loan of complainant for the purpose named in the will, and to secure payment thereof executed, as executor, a mortgage on the realty in Page county. The present bill was filed for the purpose of foreclosing this mortgage; the complainant being a citizen of the state of Ohio. To this bill, as it now stands, there are made defendants the executor and the immediate children of Michael Holderbaum. Two grandchildren, who represent the interest of their

deceased mother, a daughter of the testator, are not parties to the bill. They reside in Ohio, and are citizens of that state. The parties made defendants to the bill contest the validity of the mortgage, denying the right of the executor to give the same. Under the provisions of the will of Michael Holderbaum, the title of one-twelfth of the realty is held by the grandchildren residing in Ohio.

The objection interposed of want of proper parties presents the question whether the court would be authorized to hear and determine the issue of the validity of the mortgage, and, if held valid, to grant a decree foreclosing said mortgage, in the absence of the parties who hold the title to the undivided one-twelfth of the property. As the grandchildren are citizens of the same state as the complainant, they could not be made parties defendant without affecting the jurisdiction of the court, and hence the question is narrowed down to the proposition already stated. Can the court, under the provisions of section 737 of the Revised Statutes and equity rule 47, proceed to hear and determine the issues presented, in the absence of the parties who hold the title to an undivided share of the realty? The general rule is that all persons materially interested, either legally or beneficially, in the subject-matter of the controversy, should be made parties, in order that the court may by the one hearing and decree bind all the parties, thereby preventing further litigation. Story, Eq. Pl. § 72. The exceptions to this general rule, and the reasons why such exceptions have been introduced, are fairly stated in *Shields* v. *Barrow*, 17 How. 130, and the cases therein cited, in which it is held that the equity rule and statutory enactment above cited are only declaratory of the principles recognized and enforced by the court. In *Ribon* v. *Railroad Co.*, 16 Wall. 446, it is said:

"The rule in equity as to parties defendant is that all whose interests will be affected by the decree sought to be obtained must be before the court; and, if any such persons cannot be reached by process, do not voluntarily appear, or, from a jurisdictional objection going to the person in the courts of the United States, cannot be made parties, the bill must be dismissed. Where a decree can be made as to those present without affecting the rights of those who are absent, the court will proceed; but, if the interests of those present and of those absent are inseparable, the obstacle is insuperable." See, also, *Gregory* v. *Stetson*, 133 U. S. 579, 10 Sup. Ct. Rep. 422.

As already stated, the questions to be heard and determined are as to the validity of the mortgage, which involves the power of the executor to execute the same, and, if held valid, the consequent right to enforce the same by decreeing a sale of the mortgaged property. The first consideration is whether the party owning the title, and the beneficial interest in the realty, is a necessary party defendant; in other words, if, under the will of Michael Holderbaum, there was only one devisee, A. B., would the court proceed to foreclose a mortgage given by the executor without the presence of A. B. as a party defendant? There could be no question that, under such circumstances, A. B. would have a direct interest in the subject-matter of the suit. If the mortgage is to be foreclosed, and the land sold thereunder, it is his title and interest that is affected. The executor has no beneficial interest in the land. If the

mortgage by the executor is valid, it reaches the title and interest which passed under the will to the devisee. Granting that the executor had the same power under the will to mortgage the land that the testator had in his life-time, that power has been executed, and the executor has ceased to have any further power over the land, and he never had any actual beneficial interest therein. If the mortgage sought to be foreclosed had been executed by the testator during his life-time, is it not clear beyond question that the court should refuse to proceed unless the party to whom the title passed, and in whom the equity of redemption existed, was made a party defendant. Story, Eq. Pl. § 196; 2 Jones, Mortg. § 1414; *Shields* v. *Keyes*, 24 Iowa, 298. The necessity for the presence of the owner of the title and of the equity of redemption is still greater when, as in the case at bar, the mortgage was executed after the death of the testator, and after the devisee's rights had vested in him. The reasons for such a course are of a substantial, and not a purely technical, character. If a decree of foreclosure is taken without the presence of the heir or devisee, and a sale is had, such proceedings cast a cloud upon the title of the heir or devisee which may be a material injury to him. If the court proceeds to a decree and sale, it invites persons to purchase at such sale; and it ought not to do so if it is apparent that the sale is practically formal, and will not convey a substantial interest. Furthermore, a court ought not to decree a sale of realty under circumstances that clearly show that a fair price cannot probably be realized at such sale, owing to the doubt and uncertainty as to the interest and title which will pass at such sale. If the court, in the case supposed, should proceed to a decree and sale of the realty without the presence of A. B., the owner of the title, he would not be bound by the decree in any particular, and the foreclosure decree and sale would amount to little beyond an assignment of the mortgage debt to the purchaser at such sale. Under such circumstances, it seems to me clear that the court should refuse to proceed in the supposed case unless the devisee, A. B., was made a party defendant; and, if this could not be done without ousting the jurisdiction of the court by reason of the citizenship of the parties, then the cause should be dismissed.

But it is claimed that, as the owners of the undivided eleven-twelfths of the realty are before the court, the cause should be proceeded with, leaving the other interests unaffected. Can this be done, in justice to all parties? The absent parties in question have just the same rights and interest to be considered, and to be affected by the decree and sale, as though they owned the entire property, instead of an undivided share thereof. If the decree entered forecloses the mortgage, and orders a sale of the realty, their interest is affected just the same as though they owned the entire property. The cloud cast by such decree and sale upon their interests is just the same. It was suggested in argument that the decree might order the sale of the undivided eleven-twelfths of the property owned by the parties defendant before the court. The result of this would be that the lien of the entire debt would be cast upon the title of the owners of the eleven-twelfths interest, which would be manifestly unjust to

them, as it would compel them to pay the entire debt, or else to seek reimbursement from the share left unsold, and they would then be compelled to assume the burden of proving the validity of the mortgage in another suit against their co-devisees. Again, the sale of an undivided eleven-twelfths of a farm will never realize as good a proportionate price as a sale of the entirety. When a court sees that difficulties of this nature will ensue if the cause is sent to a decree in the absence of parties having a beneficial interest in the property sought to be foreclosed, it should require them to be brought in; and if this cannot be done, for jurisdictional reasons, then the cause will be dismissed, and the litigants will be remitted to the courts of the state wherein all the parties may be brought in, and thus the one proceeding may settle once for all the matters in controversy. The facts do not present a case wherein a mortgage is sought to be foreclosed upon the interest of a part owner or of a tenant in common, and where the decree is sought only against interests of such owner. The bill charges that the mortgage is upon the interest of all the parties, and, if validly executed, such is its legal effect. The children and grandchildren all take title under the will of Michael Holderbaum, and they are therefore joint tenants of the realty.

The case, cited by counsel for complainants, of *Stephen* v. *Beall*, 22 Wall. 329, and mainly relied on as an authority in support of the jurisdiction, clearly indicates the different rule that should be applied to cases wherein a mortgage on realty is given on the interest of a part owner, and that interest alone is sought to be reached by a foreclosure decree, and a case like the present, where the mortgage is upon the entire interests of joint tenants. In that case, Mrs. Beall was the owner of one-fourth of the property, and gave a conveyance in the nature of a mortgage, which described the entire property, but the legal effect of which was to create a lien upon her one-fourth interest, and no more. A bill to enforce the mortgage lien was filed against Mrs. Beall and her husband; her children, who owned the remaining three-fourths of the property, not being made parties defendant. The circuit court dismissed the bill for want of proper parties, and on appeal the supreme court reversed the ruling. In the opinion filed, the supreme court points out the fact that the record clearly showed, notwithstanding the general terms used in the conveyance, that it conveyed only the one-fourth interest of Mrs. Beall, without affecting the interests of the children, and further that the bill did not seek to affect their rights, but declared only against the interests of Mrs. Beall. Under these circumstances, the supreme court held that the children had no interest whatever in the controversy, and that it would not be proper to make the children parties to the proceedings. Instead of supporting the view of complainant in this case, the reasoning in this opinion tends in the opposite direction; for it assumes that it is necessary to establish the fact that the children's interest in the property was not affected by the conveyance of the mother, in order to support the conclusion that they had no interest in the foreclosure proceedings. The difference in the facts of the two cases is such that I do not see how the ruling of the supreme court can be held to apply to the case at bar.

Deeming the objection of want of parties well taken, under the facts shown upon the face of this record, and as the absent parties cannot be made defendants without ousting the jurisdiction of the court, the order will be that the cause be dismissed without prejudice to the right of complainant to proceed in a court of competent jurisdiction.