ROBERT RAMSAY, Appellant, v. THE TOWN OF MARBLE ROCK et al., Appellees.

**Municipal Corporations:** BONDS: INJUNCTION. A court of equity
1   will not, in a suit in injunction, pass upon the validity of a bond issue for the erection of waterworks by a municipal corporation, where it appears that the bonds were issued and sold prior to the commencement of the action and where the holders of the bonds are not made parties.

**Injunction:** GRANTING OF RELIEF. Where it is sought to enjoin the
2   erection of waterworks and to have declared invalid bonds issued therefor, which are precluded by the pleadings, proof and a lack of the proper parties, the court cannot, under a prayer for general relief, enjoin the town and its officers from levying taxes for the future support of the works.

*Appeal from Floyd District Court.*—HON. C. H. KELLEY, Judge.

THURSDAY, JANUARY 21, 1904.

ACTION in equity to declare void proceedings had by the defendant, through its council and officers, to establish a system of waterworks, and to enjoin the erection of such works, and forbid the disbursement or expenditure of the city funds or the issuance of city bonds for that purpose. The trial court dismissed the petition, and plaintiff appeals.— *Affirmed.*

*W. N. Birdsall* for appellant.

*Ellis & Ellis* for appellees.

WEAVER, J.—The plaintiff is a resident taxpayer of the town of Marble Rock, Iowa, and brings this action to restrain said town, its mayor and council, from establishing a system of waterworks, and from issuing the bonds of said city, or in any manner using its funds in the establishment or erection of such work. The appellant denies the sufficiency and validity of the preliminary steps taken by the city and its officers in entering upon said enterprise, asserts that no municipal debt or obligation was thereby authorized or created, and demands that defendants be enjoined from proceeding with the work, and from in any manner making the cost thereof a charge upon the revenues of the town, or a burden upon its taxpayers. The objections are based, first, on the alleged insufficiency and illegality of the notice of a special election at which the matter of issuing bonds was submitted to the electors; second, that the action taken by the town council in ordering the election and in the issuance of the bonds was in the form of a resolution, and not by ordinance, as the law requires; and third, on the alleged ground that the debt thus proposed or incurred by the city was in excess of the constitutional limit. The record will not permit us to enter into a discussion of the merits of these several propositions. It is shown without controversy that the order of the town council in submitting the matter of bonds to the vote of the electors was made on June 8, 1901. The election was held July 6, 1901. The plan of the system was adopted by the town council August 19, 1901. On the same day the bid of certain investors for the bonds to be issued was accepted by the council, and committee appointed to let contracts, and have charge and direction of the location and construction of the works; and the council, by resolution adopted September 26, 1901, ordered the signing, execution, and delivery of the bonds to the amount of $4,100 to the successful bidder. The date of the actual delivery of the bonds is not clearly shown, but it was evidently before the commencement of this suit, October 15, 1901.

As the city, its mayor and council, are alone named as defendants, we cannot properly undertake to consider or pass upon the validity of the bonds, or upon the legality or suffi-

**1. BONDS: instruction.** ciency of the acts of the defendants in issuing them. That can be done only in some appropriate proceeding to which the holders of the bonds are made parties. There is nothing in the testimony tending to show that any part of the bonds, or any portion of the proceeds of their sale, was still in the possession or control of the defendants when the suit was begun, or to indicate that the matter of the establishment and erection of the waterworks was not an already accomplished fact. As we have seen, the committee authorized to proceed with the work was appointed August 19, 1901; and between that date and October 15, 1901, there would seem to have been ample time to establish and complete a miniature system of waterworks, based upon a bond issue of $4,100. At least, before a court of equity will interfere by injunction with the conduct of the affairs of a municipal corporation, a reasonably clear showing will be required that there is something on which the writ may operate. It will not assume jurisdiction of a controversy to settle an abstract question of legal or equitable right. *Pellett v. Fisher* (Iowa) 94 N. W. Rep. 469.

Appellant seeks to avoid this obvious defect in the record by saying that his pleadings and proof, if not sufficient to justify us in passing upon the validity of the bond issue in

**2. INSTRUCTION: granting of relief.** this action, do make a case upon which the court should, under the prayer for general relief, enjoin the town and its officers from levying taxes for the future support of the works. We cannot agree to this proposition. The prayer of the petition is specifically directed against the "erecting and establishing" of the works, and against the "entering into any contract in connection with the establishing or erecting of said waterworks," and the general prayer must be construed as for relief appropriate to the end thus sought to be obtained. In our judgment, it is not a necessary consequence that the town may not legally use

and operate the works, even though the proceedings by which they were originally established be finally held to have been irregular, or the bonds issued for the erection of such works be adjudged invalid. These are matters, however, which must be settled elsewhere than in the present litigation. For the purposes of the present appeal, and without attempting to determine the various questions raised as to the regularity of the proceedings leading up to the issuance of the bonds and the establishment of the waterworks, we simply decide, for the reasons above stated, that the judgment of the district court should be AFFIRMED.