## No. 9032.

### GRATER *v.* LOGAN HIGH SCHOOL DISTRICT ET AL.

1. PARTIES—*Indispensable.*   Bill to restrain the levy and collection of taxes upon the properties within a certain high school district, to pay the interest on bonds of the district, alleging as ground of the relief prayer, irregularities in the election author-

izing the issue of the bonds. The holders of the bonds, being unknown, were not joined. *Held* that the bond holders were indispensable parties, and if service of process upon them cannot be had the bill must be dismissed.

2. TAXES—*Injunction to Restrain Collection*, should be granted, only under unusual conditions, and after notice to all parties in interest.

3. MUNICIPAL BONDS—*Presumptions to Support.* Where not negatived by the pleadings assailing the bonds of a school district for irregularity, it will be conclusively presumed that the bonds, on their face, recite compliance with all statutory requirements.

4. —— *Recitals—Effect.* Innocent purchasers of such bonds, for value, before maturity, are entitled to rely upon the recitals thereof, as against allegations of irregularity in the issue. Under these circumstances the School District, as well as individual tax payers, are estopped to deny the regularity of the issue.

*Error to Logan District Court, Hon. Haslett P. Burke, Judge.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. PERSHING, TITSWORTH & FRY, Messrs. MUNSON & MUNSON, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS is an action to enjoin the collection of a tax levied by the Board of County Commissioners of Logan County upon the taxable property within the Logan County High School District, for the purpose of paying interest on bonds of the District, and to prevent future tax levies for the payment of interest and principal thereof. Plaintiff below, plaintiff in error here, is the taxpayer of the district, and brought suit on behalf of himself and all others like situated. A motion by defendant to exclude all testimony offered by plaintiff, and to dismiss the complaint because of its failure to state a cause of action and for numerous other reasons, was sustained.

Plaintiff brings the judgment here for review. The parties are designated as in the court below.

As ground for the relief prayed plaintiff sets forth alleged irregularities in the statutory proceedings relative to the special elections upon which the bond issues are based, and claims that these irregularities were of a character and nature to invalidate the bonds. Also that he has no adequate remedy at law.

Relief by injunction is a summary remedy, and should not be granted for threatened invasion of property rights except under unusual conditions. 14 R. C. L. 307. Neither should it be granted without notice to all parties in interest. Here it is sought to enjoin the High School District as a corporation, and the County Commissioners and others as officers of Logan County. The bond holders are not joined; probably because as stated in the pleadings no service of process could be had upon them. Nevertheless, it is manifest that the bond holders are not only proper parties, but absolutely necessary and indispensable parties. As matter of fact, the school district, and the county officers, are but nominal defendants, with only a casual interest in the outcome of the application. The bond holders alone are immediately and substantially affected. To grant the relief asked would be to render their bond holdings mere scraps of paper, and this without due, or any, process of law so far as their right to a day in court is concerned. As is stated in the syllabus of *Ribon v. R. R. Co.,* 16 Wall. 446, 83 U. S. 446, 21 L. Ed. 367:

"The rule in equity as to parties defendant is, that all whose interest will be affected by the decree sought to be obtained, must be before the court, and if any such persons cannot be reached by process, the bill must be dismissed."

It appears from the complaint that the bonds are now in the hands of unknown third parties. In such circumstances the bond holders being necessary parties, the great weight of authority is against the granting of injunctive relief: 14 R. C. L. 325; *City of Anthony v. State,* 49 Kan.

246, 30 Pac. 488; *Carpenter v. Hindman,* 32 Kan. 601, 5 Pac. 165; *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541, 52 Am. St. Rep. 25; *Hope v. Mayor,* 72 Ga. 246; *Ramsey v. Marble Rock,* 123 Iowa 7, 98 N. W. 134; *Savage v. Sternberg,* 19 Wash. 679, 54 Pac. 611, 67 Am. St. Rep. 751.

The bonds involved are negotiable instruments. The law authorized their issuance under certain circumstances and conditions. They contain recitals, according to the pleadings, to the effect that all statutory requirements preliminary to issue have been fully complied with. In any event, since this is not negatived by the averments of the complaint, it must be conclusively presumed that the bonds contain such recitals. As against the alleged irregularities innocent purchasers of the bonds for value before maturity have a right to rely upon such recitals and representations, and under the circumstances here disclosed, upon principle and authority the district and individual taxpayers are estopped to deny their regularity.

*City of Cripple Creek v. Adams,* 36 Colo. 320, 85 Pac. 184; *Hayden v. Town of Aurora,* 57 Colo. 389, 142 Pac. 183; *Town of Aurora v. Gates,* 208 Fed. 101, 125 C. C. A. 329, L. R. A. 1915 A, 910; *Independent School District v. Rew,* 111 Fed. 1, 49 C. C. A. 198, 55 L. R. A. 364; *Pana v. Bowler,* 107 U. S. 529, 2 Sup. Ct. 704, 27 L. Ed. 424; *Brooklyn v. Aetna Life Ins. Co.,* 99 U. S. 362, 25 L. Ed. 416; *Township of Empire v. Darlington,* 101 U. S. 87, 25 L. Ed. 878.

The election to authorize the first issue of bonds was held in February, 1910, and that for the second issue during the following year. The irregularities alleged were as apparent immediately after such elections as they were in 1914, when this suit was brought. Neither plaintiff nor any other taxpayer took seasonable, or any, steps to prevent the issue and sale of the securities. The bonds were sold at par, and the proceeds used by the district for construction of buildings, and other improvements, for the benefit of all the taxpayers and inhabitants thereof. Under the admitted facts plaintiff should not now, in this indirect and collateral way, be permitted to question their validity.

If the sufficiency and regularity of these bonds may, at this late day, be questioned at all, it only can be done in a direct proceeding, brought for that purpose, to which all persons in interest are made parties.

Upon the question of enjoining the collection of taxes this court, in *Nile District v. English,* 60 Colo. 406, at page 412, 153 Pac. 760, 762, a like case to this, said:

"Upon a full consideration of public interest, of judicial pronouncement in general upon the subject involved, and of our statute, Sec. 5750, R. S. 1908, which affords a complete remedy in a proper case, we are of opinion that it is rarely possible, and then under most exceptional and unusual circumstances, that a cause of action to restrain the collection of taxes can be stated of which equity will or ought to take cognizance. In this case nothing is averred to negative the conclusion that plaintiff, if aggrieved, has a plain, adequate and speedy remedy at law, to which she should be remanded."

There is no exceptional or unusual conditions alleged in the complaint which takes the case out of this rule. For the several reasons suggested the judgment of the trial court should be and it hereby is affirmed.

*Judgment affirmed.*

Mr. Chief Justice Hill and Mr. Justice Allen concur.