No. 10,443.

MERRILL v. BARR.

Decided March 5, 1923.

Action to enjoin the payment of school warrants. Decree for plaintiff.

## Reversed.

1. PLEADING—*Defect in Parties.* The objection of defect in parties is waived by answer to the merits.

2. SCHOOLS—*School Board—Studies.* A school board may order to be taught whatever subjects it sees fit, this power being unqualified and unlimited under the provisions of section 5925, R. S. 1908.

3. *Warrants—Division of District.* School warrants are properly drawn for the payment of debts of an old district before its division into new ones, and apportionment of remaining funds.

4. INJUNCTION—*School Warrants.* In an action to enjoin the payment of school warrants, the holders of warrants should be made parties.

5. PLEADINGS—*Facts.* Pleadings should contain statements of fact only.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. J. PAUL HILL, for plaintiff in error.

Mr. SAMUEL H. MORROW, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

BARR, president of school board district No. 21, Adams county, obtained a decree enjoining Merrill, county treasurer of Adams county, from paying certain warrants of joint district No. 29, in Adams and Arapahoe counties. Merrill brings error.

1.   It is claimed that, because the holders of the warrants were not made parties, the court could not enter the decree; but this objection was to a defect of parties and was waived by answer to the merits, as we have many times held.   Bliss Code Pl., 417; *Webb v. Smith*, 6 Colo. 365; *Green v. Taney*, 7 Colo. 278, 3 Pac. 423; *Schoelkopf v. Leonard*, 8 Colo. 159, 6 Pac. 209; *Fillmore v. Wells*, 10 Colo. 228, 15 Pac. 343, 3 Am. St. Rep. 567; *Elliott v. Field*, 21 Colo. 378, 41 Pac. 504; *Sams &c. Co. v. League*, 25 Colo. 129, 134, 54 Pac. 642; *Sweet v. Barnard*, 66 Colo. 526, 182 Pac. 22; *Hardy v. Swigart*, 25 Colo. 136, 53 Pac. 380, *International Trust Co. v. Lowe*, 66 Colo. 131, 180 Pac. 579; *Terrace Irr. Dist. v. Overflow Ditch*, 69 Colo. 362, 195 Pac. 325; *Hayden v. Patterson*, 39 Colo. 15, 88 Pac. 437.   We cannot therefore reverse the case on this ground.

Prior to November 26, 1921, district No. 21, Adams county, was a part of the joint district No. 29 of Arapahoe and Adams counties which was a third class district.   On that date the joint district was divided and said district No. 21 cut off.

The complaint alleges that the board of said district "did maintain, operate and support an accredited high school" and issued many warrants for that purpose, and also alleges that after the division, the board of what the complaint calls the new joint school district No. 29, but which we regard as the same corporation as before the division, issued warrants "against old joint district No. 29 for the payment of debts of the said old joint school district No. 29".   It makes no other objection to any warrant.

A general demurrer to the complaint was overruled. The point was made again in the answer in the form of a

demurrer, and was overruled again or stricken out, and upon trial a motion that the complaint be dismissed was denied. The general demurrer should have been sustained and the motion to dismiss should have been granted.

With reference to the warrants for "high school purposes" whatever that may mean, it is claimed that they are invalid, because a third-class district has no power under the statutes to maintain a high school. Such is not the law as we read it. R. S. § 5926 is relied on. It reads, "The school board of districts of the first and second classes shall have the power to establish a separate high school." There is no allegation in the complaint, however, that a separate high school was established or maintained.

By R. S. § 5925, paragraph second, covering all classes of school districts, it is provided that the school board shall have power "to fix the course of study * * * and the kind of text books to be used." This power is unqualified and unlimited and the board may order to be taught whatever subjects it sees fit whether the same are taught in high schools, colleges or elsewhere. See also §§ 6010 and 5991.

As to the warrants drawn after the division against the funds of district 29 as it existed before the division, it appears from the complaint that these warrants were drawn for indebtedness contracted prior to the 26th day of November, 1921. Since R. S. 5912, providing for the division of the schools funds of a divided district permits division only "after providing for all outstanding debts * * *", it is manifest that it is proper to pay the debts of the original district out of its funds before they are divided, and it follows that the complaint states no cause of action in this respect.

We withhold our opinion upon the other points made in the briefs until the persons really interested in this controversy are before the court.

For the reasons above stated the judgment must be reversed and the case remanded. All the warrant holders who can be discovered should be made parties, and so also

should district No. 21 and joint district No. 29. The pleadings should be amended striking out statements of law therein and argument and leaving statements of fact only; the case should be then tried anew.

MR. JUSTICE ALLEN sitting as Chief Justice, and MR. JUSTICE WHITFORD concur.