## No. 11,872.

### GAVIN, ADMINISTRATOR v. ELLIOTT.

Decided December 19, 1927.

Action for specific performance. Judgment for plaintiff.

## *Reversed.*

1. EXECUTORS AND ADMINISTRATORS—*Specific Performance—Petition—Affidavit.* In an action against an administrator to enforce performance of a contract for conveyance of real estate, there must be annexed to the petition the affidavit required by C. L. § 5264.

2. PLEADINGS—*Amendment After Reversal.* In an action against an administrator for specific performance, a defective petition held subject to amendment after reversal in the furtherance of justice.

3. JUDGMENT—*Parties.* A judgment has no validity as to persons who are not properly before the court as parties.

4. PARTIES—*Nonjoinder.* Where proceedings are defective because of the absence of necessary parties, and the cause is reversed and a new trial ordered, the pleadings may be amended and the parties brought in.

5. VENDOR AND PURCHASER—*Specific Performance—Taxes and Insurance.* In an action for specific performance, failure of vendee to pay taxes and insurance as provided by the contract of sale, held immaterial where they became due after he had tendered the amount of the last payment due under his contract.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for plaintiff in error.

Mr. JOHN H. VOORHEES, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case was argued before Department One, Justices Denison, Whitford, Sheafor and Adams; has been read and considered, however, by the court en banc under rule 43.

Elliott obtained a judgment against Gavin, administrator of the estate of Thimothy H. Foley, in the district court on appeal from the county court in a statutory proceeding to enforce performance of a contract said to have been executed by Foley, to convey lot 2, Abriendo Place, Pueblo, to Elliott. The administrator brings error.

Foley died January 2, 1922. Gavin his half-brother, was appointed administrator January 9, 1922. March 23, 1925, John D. Foley and Austin Gavin, sole heirs of deceased, brought ejectment against Elliott in district court, to recover the land in question, which was in the latter's possession. July 14, 1925, Elliott began said proceedings in the county court, was defeated and appealed, with the result above stated. Later he answered in the ejectment action and moved to have it stayed pending the county court proceeding. We find nothing in the record to show what was done with this motion, but the ejectment suit has not been tried.

The plaintiff in error claims that the proceedings in the county court were so defective that that court never acquired jurisdiction to determine the case; first, because their petition did not bear the affidavit required

by the statute which authorizes such proceedings; and, second, because the heirs were not made parties or served with notice.

The county court proceeding is brought under C. L. §§ 5263–5268. Section 5264 says: "Such petitioner shall annex to his petition an affidavit to the truth thereof, and stating that no part of such contract has been satisfied except as stated in the petition."

There being no affidavit "annexed" to the petition as required by the statute, the defendant in error says that since the petition itself bears a jurat it is, in itself, a sufficient affidavit, and he cites, among other cases, *Ausmus v. People*, 47 Colo. 167, 175, 107 Pac. 204, 19 Ann. Cas. 491. We may concede, without deciding, that this proposition would be true, but the petition in this case does not say that no part of such contract has been satisfied except as stated in the petition, and therefore does not satisfy the statute. It is true that the petition alleges that the administrator had refused to carry out the contract and there is perhaps an implication here that no part thereof had been previously satisfied; but perjury could not be assigned, if, in fact, the deceased had satisfied this contract in some other way than by conveyance. We are compelled to say that there was no affidavit as required by the statute, and this necessitates reversal.

The plaintiff in error claims that without this affidavit the county court acquired no jurisdiction over the case because it is a special proceeding each preliminary step of which is jurisdictional, and so, although no objection on this ground was made below, the point is available here. This may be conceded, but the matter may be corrected after reversal, since this is a matter which might have been corrected in the county court, and, under the evidence, the amendment will be in furtherance of justice.

It is claimed that the petition does not state a cause of action because it does not state that petitioner has paid taxes and has insured, as required by the contract; but the contract as stated in the petition makes no such re-

quirement of the petitioner. The petition, then, is not open to this objection. The contract in evidence does not conform to the petition, but no objection was made on account of variance; so an amendment will be proper after reversal.

It is objected that the heirs were not made parties or served with notice as required by the statute; in reply to this it is claimed that they waived notice by their conduct. Whatever may be the case about that, if they were not in court the judgment will have no validity against them nor will any deed by the administrator pursuant thereto, and since they are not in this court anything we may say or decide in regard to their rights will not bind them; upon reversal, however, these matters may be amended by bringing them in. *Conroy v. Cover,* 80 Colo. 434, 252 Pac. 883; *Atwood v. R. I. Hospital Trust Co.,* 275 Fed. 513, 516, 517, 24 A. L. R. 156.

The contract in evidence, unlike the contract in the petition, provided that Elliott should pay taxes and insurance and keep the property insured, and in default thereof forfeit all payments made, and it is urged here that since he let the property go uninsured and failed to pay certain taxes he has forfeited all his rights. As to taxes the failure was to pay the taxes of 1926, which became due after the tender into court of payment of the last note for purchase money. Such failure could not be a ground for forfeiture. As to payment of insurance there is no proof and no finding of the court, but, since the petitioner tendered payment of the last note, respondent was offered all that he was entitled to; the insurance, therefore, became immaterial as far as the right of petitioner to a deed is concerned; and as to forfeiture, since no forfeiture was declared before the tender of payment of the final note, the insurance became immaterial on that point also, because after full payment the insurance could be of no consequence to the vendor.

The judgment is reversed and the cause remanded to the district court with directions to remand it to the

county court for amendment. The proceedings may be amended as the parties may be advised and the heirs may be made parties with due notice under the statute.

MR. JUSTICE ADAMS concurs in the result.