No. 12,250.

Denver Land Company *v.* Moffat Tunnel Improve-
ment District et al.
(284 Pac. 339)

Decided January 20, 1930.

1

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, for plaintiff in error.

Mr. NORTON MONTGOMERY, Mr. ERSKINE R. MYER, Mr. HORACE N. HAWKINS, for defendants in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. DONALD C. McCREERY, Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, amici curiae.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE Denver Land Company, a corporation, on behalf of itself and all others similarly situated, brought this action in the district court to restrain and enjoin the Moffat Tunnel Improvement District, a body corporate, and the commissioners of the Moffat tunnel commission from levying certain special assessments and certifying the same to the county assessors of the various counties within which there was situate real estate subject to assessment for the Moffat Tunnel Improvement District. The Denver Land Company also sought, under the provisions of chapter 98, Session Laws of Colorado, 1923, a declaration as to the validity of certain levies made by the Moffat tunnel commission in the years 1925, 1926, and 1927; also as to the validity of a levy made in 1928 to provide the sum of $516,200, a part of which was to be used to pay interest upon the Moffat tunnel supplemental bond issues; also as to the validity of Moffat tunnel supplemental bonds in the aggregate amount of $8,750,000 issued and sold by the Moffat tunnel commission in three separate and distinct supplemental bond issues.

The plaintiff alleged that the supplemental bond issues were illegal, unlawful, and issued without authority; that the levies of which complaint is made were also illegal, unlawful and issued without authority. The defendant joined, in its answer, with the plaintiff in asking the trial court to determine the validity of all its proceedings with reference to supplemental bond issues, and the levies made in connection therewith.

No bondholder was made a party defendant to this action, and none appeared and asked to be made a party thereto. There is no attempt by the plaintiff to explain or excuse the failure to make all, some, or one of the bondholders parties to this action. From a judgment of dismissal the plaintiff prosecutes this writt.

The parties hereto, by stipulation of their respective counsel, amending the proceedings had in the case, agree that at the conclusion of the plaintiff's opening statement, the Honorable Robert G. Smith, the judge before whom the trial occurred, inquired: "* * * Are not the bondholders necessary parties? The bondholders have not been made parties and therefore, under the authority of recent cases, would it not appear that this court is without jurisdiction to proceed unless the bondholders are made parties?"

Counsel for the plaintiff thereupon stated that in his opinion the court had jurisdiction to proceed, and requested the court to make final and complete determination of all matters involved in the litigation, and the court then inquired: "Is this court to understand therefore that the parties of record request the case to proceed upon the assumption that this court has jurisdiction, notwithstanding the fact that the bondholders have not been made parties to the action?"

After counsel for each of the parties, and also amici curiae, had expressed the opinion that the court had power and jurisdiction and should proceed to a final and complete determination of the whole matter involved in the litigation, the court said: "It has been stated that

the regular judge of this court had considered this case fully at issue, and the case has been specially set for me to hear at this time. You gentlemen have certainly given this matter much more consideration than I have, and inasmuch as Mr. Ellis and Mr. Grant for the plaintiff, Mr. Montgomery and Mr. Myer for the defendants, Mr. Herrington for the intervener, and Mr. Pershing as friend of the court, all insist on proceeding at this time on the record in its present state, and I having been called in specially to hear it at this time on a special setting, and there apparently being, from the statements by counsel, questions which may be determined independently of any question as to further parties, if you all desire it, we will proceed.''

At this point in the proceedings, each attorney again expressed his desire that the case proceed; the attorneys for the defendant using this language: ''* * * We do not desire to contest the jurisdiction of this court in this case, and are very anxious that the hearing proceed at this time.''

The trial court assumed jurisdiction and determined the validity of the Moffat tunnel supplemental bonds in the amount of $8,750,000. The court either did or did not have jurisdiction, and if it had jurisdiction for any purpose, it had for all. In the absence of the bondholders or a showing why they were not made parties to this action, no jurisdiction existed in the court, and it was error for it to proceed to final determination until such defect be remedied.

We assume that counsel were sincere in requesting the court to proceed with the trial, and that there was no disposition to question the jurisdiction or make any point of it whatever, nevertheless their position in this court is entirely different, for here counsel for the defendant as well as amici curiae seriously and earnestly contend that the bondholders were necessary and indispensable parties, and without their presence the trial court had no jurisdiction whatever to proceed. There is nothing in the

complaint to indicate why the bondholders are not made parties, and for aught we know from the record, they are all residents of Colorado and therefore subject to the jurisdiction of the district court, and could have been made parties. Without indicating what our decision might be in event it is impossible to make one or more or all of the bondholders parties to this action, the case must be reversed and remanded with directions to the lower court to order the plaintiff to make parties defendant all bondholders upon whom service can be had or who voluntarily appear therein, and in event the plaintiff is unable to serve summons upon one or more or all of the bondholders, the complaint should be amended and these facts properly alleged. This procedure is approved by the following: *Grater v. Logan High School,* 64 Colo. 600, 173 Pac. 714; *Merrill v. Barr,* 73 Colo. 87, 89, 213 Pac. 576; *Conroy v. Cover,* 80 Colo. 434, 436, 252 Pac. 883; *Gavin v. Elliott,* 83 Colo. 95, 98, 262 Pac. 923; *Case Co. v. Packer,* 81 Colo. 195, 197, 254 Pac. 779; *Ribon v. Railroad Companies,* 83 U. S. 446, 450, 21 L. Ed. 367; *Minnesota v. Northern Securities Co.,* 184 U. S. 199, 235, 22 Sup. Ct. 308; *United States v. Bean,* 253 Fed. 1, 7; *Franz v. Buder,* 11 Fed. (2d) 854, 856; *Perez v. Canadian Land, etc. Co.,* 14 Fed. (2d) 181, 183; *National City Bank v. Harbin, etc. Co.,* 28 Fed. (2d) 468, 472; *Johnson v. Berg,* 147 Wash. 57, 265 Pac. 473, 476; *Ramsay v. Marble Rock,* 123 Iowa 7, 9, 98 N. W. 134; *Hope v. Mayor of Gainesville,* 72 Ga. 246, 252; *City of Anthony v. Kansas,* 49 Kan. 246, 250, 30 Pac. 488; McQuillin Mun. Corp. (2d Ed.) Vol. 6, p. 524; 14 R. C. L. p. 327, §28; 21 C. J. p. 281, §277; 20 R. C. L. p. 703 et seq. §44; 44 C. J. p. 1426, §4607; *Jones v. Clark,* 250 S. W. (Tex.) 217, 218.

The judgment is reversed with directions to the lower court to require the plaintiff to make such bondholders parties defendant who may be within the jurisdiction of the court and served with process, or who voluntarily appear therein, and the complaint be amended to show why the remaining bondholders, if any, were not made

parties defendant, and to issue its injunction restraining the Moffat Tunnel Improvement District, a body corporate, and the commissioners of the Moffat tunnel commission, their agents, attorneys and employees, and all persons acting under their direction and control from paying out or otherwise disposing of any funds in their possession, realized from special assessments, for the purpose of paying interest on $8,750,000 Moffat tunnel supplemental bonds, all until such time as this case shall be fully and finally determined; that the cause be retried upon the issues presented, and judgment rendered not inconsistent with the views herein expressed.

All this can, and should be accomplished at an early date by the exercise of due diligence, and should the cause be brought back to this court, leave is hereby granted, upon stipulation, to resubmit it on the record and briefs already filed, in so far as applicable.