THE CITY OF ANTHONY *et al.* v. THE STATE OF KAN-
SAS, *on the relation of T. J. Beebe, County Attorney.*

INJUNCTION — *Parties* — *Who Necessary.* In an action for an injunction
to perpetually enjoin a city and its officers and certain county offi-
cers from levying or collecting any taxes to pay interest on certain
city bonds, and to have the bonds declared null and void, *held*, that
the bondholders are necessary parties, and that the action cannot be
maintained without also making them parties.

*Error from Harper District Court.*

ACTION by *The State*, on the relation of the county attor-
ney of Harper county, against the *City of Anthony*, and
others, to have certain bonds of the city declared void. Judg-
ment for the plaintiff, at the October term, 1891. The de-
fendants bring the case to this court. The facts appear in
the opinion.

*F. C. Raney*, for plaintiffs in error:

The only question we desire to submit to this court is this :
Are the bonds in question void by reason of their having
been issued in excess of the 10 per cent. limit mentioned
in § 797, General Statutes of 1889? These bonds, issued $3\frac{1}{2}$
years ago, were exchanged for outstanding city warrants,
and passed into the hands of innocent purchasers. Taxes
have been levied and collected from year to year to pay
the interest. The city has received and appropriated the
benefits arising from the issue of these bonds, and her citizens
should not be allowed, at this late day, to come in and repu-
diate them. Section 797 mentions two kinds of bonds which
are not to be considered in estimating the amount of bonded
indebtedness, viz. : Bonds issued for improvements for which
a special tax is levied upon the property improved, and bonds
issued to refund existing bonded indebtedness.

This court, in the case of *C. K. & N. Rly. Co. v. City of
Manhattan*, 45 Kas. 419, holds another class of bonds, viz.,
bonds issued in aid of railroad companies in securing and

paying for right-of-way, depot grounds, and terminal facilities, shall not be considered in estimating the amount of bonded indebtedness, for the reasons that the statute under which they were issued was complete in itself, and was subsequent to the statute containing the 10 per cent. limitation.

In the same opinion (45 Kas. 421) are these words: "An examination of the various provisions of the act of 1872, and the amendments thereto, renders it doubtful whether that act was intended to apply to any bonds except those referred to or issued under that act." The same reasoning holds good in the case at bar.

The act of 1872 and its amendments is the act which contains the 10 per cent. limitation. There is no allegation in the petition that the bonds in question were issued under the act of 1872 or the amendments thereto. In fact, it will be admitted that they were issued under a subsequent statute, chapter 50 of the Laws of 1879, which is complete in itself, providing not only for the issuance of the bonds, but for their registration and payment; even going so far as to make public officers both civilly and criminally liable unless taxes are levied and collected to pay the interest and provide a sinking fund; and providing punishment for the wrong use of the funds.

It is evident that the legislature intended that this law should stand alone and be complete in itself, and that bonds issued in pursuance to it should be valid, regardless of any limitation contained in a former statute.

*Shepard, Cherry & Shepard, J. P. Grove* and *H. Parke Jones,* for defendant in error:

Our view of the law in this matter is, that the city is barred from issuing over 10 per cent. of assessed valuation, etc., in bonds, except in the matter of the provisos set out in Gen. Stat. of 1889, § 797, and one other—in regard to bonds issued to secure terminal facilities, etc., for railroads. *C. K. & N. Rly. v. City of Manhattan,* 45 Kas. 419.

And if it does, that the bonds are void in the hands of any purchaser, innocent as the driven snow or otherwise; or,

in other words, the bonds are void from their inception, and no rule of commercial law can breathe life into them by their reaching at last an ignorant and innocent purchaser. We contend that the officers who issued these bonds were not authorized to decide the fact upon which these bonds were issued. They had no authority to determine and certify as to their power to issue them; the fact necessary to the existence of the authority was by law to be ascertained, not officially by the officers charged with the execution of the power, but by reference to some express and definite record of a public character.

If the bonds had been issued upon a judicial determination of a fact or facts which the officers issuing them had a right to determine, then the rule would be different. But where they are issued upon a "condition," and the officers issuing them are not the appointed tribunal to decide the fact which constitutes the condition, their act or any recital will not be accepted as a substitute for proof. *Marcy v. Oswego,* 92 U. S. 637; *Commissioners v. Ballis,* 94 id. 104; *Commissioners v. Clarke,* 94 id. 278; *Warren Co. v. Marcy,* 97 id. 96; *Pana v. Bowles,* 107 id. 529; *County of Dixon v. Field,* 111 id. 83.

"The purchaser of the bonds was certainly bound to take notice, not only of the limitation upon municipal indebtedness, but of such facts as the authorized official assessments disclosed concerning the valuation of taxable property within the city for the year 1873." *Buchannon v. Litchfield,* 102 U. S. 278; *National Bank v. Porter,* 110 id. 608.

There can be no question, under the authorities cited, and especially under the authority of *County of Dixon v. Field,* supra, that the bonds complained of are null and void, and of no force or effect whatever in the hands of anyone.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Harper county on August 25, 1891, in the name of the state of Kansas, by T. J. Beebe, county attorney, against the city of Anthony, and its mayor, city clerk, and

councilmen, and the county clerk and county treasurer, for the purpose of having certain city bonds declared void, etc. The prayer of the petition reads as follows:

"Wherefore, plaintiff prays judgment that said bonds be adjudged null and void, and of no force or effect whatever; that during the pendency of this action the said defendants be temporarily enjoined from making said levy attempted to be made as above set out, and, upon the final hearing of said action, that they and their successors in office be permanently enjoined from levying or attempting to levy any taxes whatever for the payment of any interest upon said bonds or any part thereof; and for costs of suit."

A temporary injunction was allowed, and afterward certain amendments were made to the petition, with a prayer to enjoin the collection of the taxes, and the defendants demurred to the petition, upon the following grounds, to wit: "(1) That the plaintiff has no legal capacity to sue; (2) that there is a defect of parties plaintiff; (3) that there is a defect of parties defendant; (4) that the petition does not state facts sufficient to constitute a cause of action." On November 6, 1891, the court overruled this demurrer, and, the defendants standing upon their demurrer, the court then rendered a final judgment as prayed for in the plaintiff's petition; and the defendants, as plaintiffs in error, bring the case to this court for review, alleging, among other things, errors of the court below in overruling said demurrer, and in rendering said judgment.

It is alleged in the petition below, that the city of Anthony, which is a city of the second class, on October 1, 1888, issued funding bonds to the amount of $50,000, and that the same were void, for the following reasons:

"1. They were not funded according to law. 2. The said warrants taken up, and for which the funding bonds were issued and delivered, were illegal and fraudulent and void, and did not constitute or evidence any legal or existing debt against said city of Anthony. 3. The funding bonds so issued were issued wholly and solely for the purpose of taking up and in lieu of the illegal, fraudulent and void warrants of said city as alleged, and for no other purpose whatever. At the time said $50,000 of funding bonds were issued, the

bonded indebtedness of said city, exclusive of bonds issued for improvements, for which a special tax is levied, bonds issued in aid of railroad companies in securing and paying for lands for right-of-way, depot grounds, and terminal facilities, and bonds issued to refund existing bonded indebtedness, exceeded 10 per cent. of the assessed value of all the taxable property within said city, as shown by the assessment books of the year previous to the one on which the last issue of bonds was made."

To whom these bonds were issued, or in whose hands they now are, or whether in the hands of innocent and *bona fide* purchasers or not, is not stated or shown; and the bondholders are not made parties to this action. The amount of the bonds issued in the present case was $50,000; but what the amount of the previously-issued and outstanding bonds was, is not stated or shown. Nor is it stated or shown what was the value of all the taxable property within said city as shown by the assessment books of the previous year. (Second-class City Act, § 41; Gen. Stat. of 1889, ¶ 797.) Nor is any copy of any one of the bonds given; nor is it stated or shown what any one of the bonds shows upon its face. If the bondholders had been made parties to the action, they might have shown that the bonds were all regularly issued, and that the amount thereof did not exceed 10 per cent. of the assessed value of the taxable property within the city; and they might also have shown that neither the bonds nor any record of either the city or the county shows any irregularity in the issue of the bonds, or any excess in the amount thereof, or anything else that would invalidate them or éven cast doubt upon them. But, as above stated, the bondholders were not made parties, and there is no statement or showing why they were not made parties. We think "there is a defect of parties defendant," as was claimed by the demurrer of the defendants below to the petition of the plaintiff below. The bondholders are the only persons who could be made real parties in interest as defendants in this controversy. They are the only ones whose rights will be substantially affected by declaring the bonds to be invalid or by enjoining the offi-

cers from levying or collecting any taxes to pay them or to pay any interest thereon. The present defendants have no interest in having the bonds declared to be valid, and their interests are probably on the other side. In all probability their interests would require that the bonds should be held to be invalid and that no taxes should ever be levied or collected to pay anything on them. Of course the judgment rendered in the present case cannot affect the ultimate rights of the bondholders nor any of their rights, further than to cause delay. The judgment cannot be considered as an adjudication against them.

But no attempt should be made to adjudicate their rights without giving them an opportunity to be heard. There are sufficient real controversies in all countries, between real parties in interest, to be litigated in the courts of justice, without resorting to fictitious controversies between nominal parties, or between parties whose interests may all be on the same side. Of course a temporary injunction may sometimes be issued against a merely nominal party to restrain him from doing something that might affect the plaintiff's rights before service of summons could be had upon any real party with adverse interests; but that case is not this case. This case is an attempt to adjudicate finally upon the ultimate rights of the real parties in interest without giving them any hearing, and without even making any attempt to give them a hearing, or any opportunity to be heard. For cases with respect to a defect of parties, see the following: Injunction to restrain the state treasurer from paying certain money, *The State v. Anderson*, 5 Kas. 90; injunction to restrain the collection of city assessments, *Gilmore v. Fox*, 10 id. 509; injunction to restrain the collection of taxes, *Hayes v. Hill*, 17 id. 360; *Voss v. School District*, 18 id. 467; *A. T. & S. F. Rld. Co. v. Wilhelm*, 33 id. 206; *mandamus* to compel the levy of certain taxes, *Cassatt v. Comm'rs of Barber Co.*, 39 id. 505.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.