THE LE ROY COAL AND MINING COMPANY v. MRS.
E. CROWL *et al.*

No. 113.

INJUNCTION—*Parties.* A final injunction will not be granted until
all the parties whose legal rights are to be affected by it are made
parties to the action.

MEMORANDUM.—Error from Coffey district court;
W. A. RANDOLPH, judge.   Action by The Le Roy Coal
and Mining Company against Mrs. E. Crowl, J. E.
Connal and W. H. Dinsmore to restrain the collection
of a judgment.   Judgment for defendants.   Plaintiff
brings the case to this court.   Affirmed.   The opinion
herein, filed May 8, 1896, states the material facts.

*G. E. Manchester*, for plaintiff in error.

*E. N. Connal*, for defendants in error.

The opinion of the court was delivered by

COLE, J. : The petition in this case alleges that the
plaintiff is a corporation organized for the purpose of
prospecting for gas, oil and mineral in and about the
city of Le Roy, and that shortly after its organization
there was organized in the city of Le Roy a society
known as the Le Roy Aid and Improvement Society,
which was not incorporated, and was organized as an
auxiliary to the Le Roy Coal and Mining Company,
for the purpose of assisting said company in the rais-
ing of a fund to carry on its work ; that, in pursuance
of its organization, the said society, by the aid and
assistance of the members of said company, secured
a sum of money which was contributed with the ex-
press understanding on the part of all who secured
the fund that said money should be held in trust by
said society until it should be required for use by the

company, and then that the fund should be transferred to said company. The petition further alleges that the company prosecuted its search for gas, oil, and mineral, and in so doing contracted an indebtedness, in the contracting of which it relied materially upon the aid of said society, and the money raised by it in the manner aforesaid; that the fund so raised was in the hands of Mrs. E. Crowl, who was acting as treasurer of the society, and that, in October, 1892, she loaned said fund to C. C. and Nettie Gray, and afterward obtained a judgment against the Grays upon the note given for said loan, and that, on the 5th day of April, 1894, Mrs. Crowl assigned the judgment to J. A. Connal; that an execution was thereafter issued upon said judgment, placed in the hands of W. H. Dinsmore, sheriff of Coffey county, who levied the same upon the property of C. C. Gray and intended to sell said property unless restrained from so doing. The petition further alleges that, in the procuring of said judgment and in the assignment of the same, Mrs. E. Crowl acted without the knowledge or authority of the said society or its members, and without the knowledge or authority of the company, and that she brought said action, obtained said judgment, and assigned the same, with the intent and purpose of converting the money to her own use and defrauding the company of the same, and that J. A. Connal had knowledge of the object and purpose of Mrs. Crowl, and paid no consideration for said assignment; that at a regular meeting of the members of said society a resolution had been passed directing the payment of the money in question to the company. The petition further alleges that C. C. Gray and Nettie Gray are willing to pay said money to the company, but that Mrs. Crowl and J. A. Connal refuse to permit this to be done, and are insisting

19—KAN. APP.

on their right to the same; that Mrs. Crowl and J. A. Connal are insolvent, and that the sheriff, if allowed to make sale of the property levied upon, will turn the money realized therefrom over to said Crowl or Connal, and, unless said parties are restrained, the money will be finally lost to plaintiff. The company prays that a perpetual injunction be granted restraining the defendants from collecting said judgment.

Upon the petition a temporary injunction was granted by the probate judge of Coffey county, and afterward an answer was filed denying the material allegations of the petition and alleging certain affirmative defenses. A reply was thereupon filed and, the cause coming on for final hearing, judgment was rendered by the district court in favor of the defendants and against the plaintiff upon the pleadings in said action, from which judgment the Le Roy Coal and Mining Company brings the case here for review.

The final injunction in this case was properly refused. A fair and reasonable construction of the petition shows that the claim of the plaintiff was that the money in question was received and held by the Le Roy Aid and Improvement Society in trust for the plaintiff. Such being the case, no final order could be made with respect to the fund unless the society was a party to the suit. In this case the society was not incorporated, and was, therefore, in the nature of a partnership, each individual member of which had an interest in any order which might be made concerning said fund. It may well be said that those who were made defendants in this cause were only nominally interested. It is true it appears that Mrs. E. Crowl was a member of the society, and therefore had the same interest as any other member thereof; but she is made a party in this case not as a member

of the society, but as an officer who, it is claimed, has pursued a course of action opposed to the purposes for which the society was formed. The rule is well settled that a final injunction should never be granted until all the parties whose rights are affected thereby are before the court. In this case the members of the society in question have very material interests in the disposition of this fund, and, without their presence, an order might be made which would be extremely prejudicial. (*City of Anthony v. The State, ex rel.,* 49 Kan. 246; *The State v. Anderson,* 5 id. 90.) We are also of the opinion that C. C. and Nettie Gray were necessary parties in this action. In some manner this fund had come into their hands, and a judgment had been rendered against them for the amount thereof. They had a material interest in any order which might be made concerning the payment by them of the amount of the fund. And this interest was the same whether they procured the same in the manner alleged by plaintiff or by the defendants.

The judgment of the district court is affirmed.

DENNISON, J., concurring.

JOHNSON, P. J., not sitting, having been of counsel.