[No. 3608.]

THE CITY OF HIGHLANDS ET AL. v. JOHNSON.

1. TAXATION—VOID ASSESSMENT—INJUNCTION.

That a tax or assessment is void is not sufficient to justify the interposition of a court of equity to restrain its collection.

2. SEWER TAX—METHODS OF COLLECTING.

Two remedies are provided by our general municipal corporation act for collecting sewer assessments. By subdivision 75, sec. 3312, Gen. Stats. (Mills' Ann. Stats. sec. 4403) they may be collected and the lien thereof enforced by the city council in a proceeding at law or in equity. Sec. 3351 Gen. Stats. (Mills' Ann. Stats. sec. 4472) gives the municipality the right by ordinance to cause a delinquent assessment to be certified to the county clerk of the county, to be collected and paid over by the county treasurer as other taxes.

3. COLLECTION OF TAXES—WARRANT.

The collector of taxes must have some authority or warrant for their collection, or his acts are trespasses.

4. STATUTE—REPEAL.

While the act of 1893 amending sec. 2866, Gen. Stats. making it the duty of the assessor, instead of the county clerk, to extend the tax list

and issue warrant to the treasurer, does not expressly repeal section 3350 Gen. Stats., which requires the county clerk to include in his warrant municipal taxes, said section is by the act of 1893 rendered inoperative. The effect of said act is to read into sec. 3350 the word "assessor" instead of "county clerk."

5. TAXES—WARRANT FOR COLLECTION.

Under the statutes as they now exist, it is necessary for the assessor to deliver to the treasurer a warrant for the collection of state, county and municipal taxes proper. But no such necessity exists in case of sewer assessments. The city council levies the assessment for sewer tax upon the basis of supposed benefits and the assessor has nothing to do with it in any way.

6. SAME.

The statutes requiring a warrant for the collection of taxes are not applicable to municipal assessments for sewers. When the municipality furnishes to the treasurer through the certificate of its city clerk delinquent assessments, with proof of the passage of an appropriate ordinance for that purpose, the treasurer without any other warrant than the statute and ordinance has authority to collect such delinquent assessments.

*Appeal from the District Court of Arapahoe County.*

Mr. L. E. KENWORTHY, Mr. GEORGE C. NORRIS, and Mr. EMERSON J. SHORT, for appellant.

Messrs. CARPENTER & McBIRD, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought by the appellee (plaintiff below) against the county treasurer of Arapahoe county and the city of Highlands to restrain them from selling his property for a delinquent assessment levied thereupon by said city for constructing a sewer. The treasurer was perpetually enjoined from selling; and from the decree so providing both defendants have appealed.

The grounds of the action, as set up in the complaint, are (1) that the assessment was void; (2) that the county treasurer had no warrant for its collection, and in attempting to do so was proceeding to take private property without due process of law.

The first ground has been waived in argument, and the appellee relies now upon the sole ground that the city council did not cause to be certified to the county clerk the delinquent assessment, and the county clerk did not include the same in his warrant to the county treasurer for its collection; the point being that this failure is not a mere irregularity, but is in violation both of the statute in that behalf and of the 14th amendment of the federal, and section 25 of article 2 of our state, constitution, and so leaves the county treasurer wholly without authority in law for collecting the assessment.

The respective counsel apparently agree that this constitutional question is necessary to a determination of this controversy; for by the appellant it is contended that the threatened act of the treasurer to advertise and sell conforms to, and is in substantial compliance with, said provisions of the statute and constitutions; and on the part of appellee that such acts, if done, would be entirely unwarranted by any law of the land.

The statutes bearing upon the question are: Gen. Stats. sec. 3312, as amended by the act of 1889 (Session Laws, 1889, p. 454), subdivision 75 (2 Mills' Ann. Stats. sec. 4403); Gen. Stats. secs. 3321, 3350, 3351, 3352 (Mills' Ann. Stats. secs. 4441, 4471, 4472, 4473); Session Laws, 1893, p. 418, sec. 28 (3 Mills' Ann. Stats. sec. 3819), p. 423, sec. 55 (3 Mills' Ann. Stats. sec. 3829).

That a tax, or assessment, is void is not sufficient to justify the interposition of a court of equity to restrain its collection. *Insurance Co. of N. A. v. Bonner*, *ante*, p. 220 (49 Pac. Rep. 366), and *State Railroad Tax Cases*, 92 U. S. 575. It is probably because of this well-established principle that counsel for appellee now abandon the first, and rely solely upon the second, ground set up in their complaint.

To municipalities organized thereunder, as was the defendant city, two remedies are given by our general municipal corporation act for collecting sewer assessments duly levied by them. By subdivision 75 of sec. 3312, *supra*, they may

be collected, and the lien thereof enforced, by the city council in a proceeding at law or in equity. The other remedy is found in sec. 3351, which gives to the municipality the right by ordinance to cause a delinquent assessment " to be certified to the county clerk of the county, and be collected and paid over by the treasurer of the county in the same manner as taxes are authorized to be by this act." When compliance therewith is made, it becomes the duty of the treasurer under sec. 3352, *supra*, to collect said assessment in the same manner, and at the same time, as other taxes upon the same tax list are collected; and it is further provided therein that " all the laws of the state for the assessment and collection of general taxes, including the laws for the sale of property for taxes, and the redemption of the same, shall apply and have as full effect for the collection of such city or town taxes as for such general taxes, except as modified by this act."

The position taken by the appellee is that before the county treasurer has any right to collect the assessments and enforce the lien, all the statutory conditions precedent to the existence of the right must be strictly fulfilled; and unless they are, the treasurer, in attempting to collect, acts without process of law. The certification to the county clerk, as provided by sec. 3351, and the issuing by the latter of his warrant to the treasurer, as sec. 3350 requires, are said to be imperative statutory conditions to be observed, and noncompliance therewith is said to be fatal to the treasurer's right to collect.

It will be observed that sec. 3350 does not, in terms, require the county clerk to include in his general warrant to the treasurer for the collection of taxes, *assessments* levied by a municipality; but it is contended that, inasmuch as sec. 3352 makes applicable to the collection thereof all the laws of the state for the collection and assessment of taxes generally, except as modified by the act, and prior to the amendment of 1893, *supra*, the county clerk was required by sec. 2866 of the revenue act to issue to the county treas-

urer the warrant for the collection of all taxes, the county clerk must, therefore, include the municipal assessment in such general warrant.

Assuming this to have been his duty prior to 1893, we proceed to an examination of the specific objection urged to the treasurer's lack of authority.   Counsel for appellee themselves argue, as just stated, that when a city council elects the second of the two remedies above mentioned, the reason for requiring certification to the county clerk is that when sec. 3351 was passed, the county clerk was required by sec. 2866 of the revenue act and by said sec. 3350 to issue his warrant to the county treasurer for the collection of all taxes of every kind, including municipal assessments. The argument further is that the issuing of this warrant by the county clerk and its delivery to the treasurer constitutes the only authority of the latter to collect, and, without it, no collection can be enforced.

All the authorities agree that the collector of taxes, by whatever title called, must have some authority or warrant for their collection, and in lieu thereof his acts are trespasses. Cooley on Taxation (2d ed.), pp. 424–431, 469, 481; Burroughs on Taxation, §§ 107, *et seq.* 113 ; Black on Tax Titles, § 76 ; 1 Blackwell on Tax Titles, §§ 330, *et seq.* 453.

Generally, and in most of the states, this warrant, as it is usually called, is issued to the collector by some other designated officer who prepares, or has in his possession, the assessment roll or tax list.   But it is apprehended that it is not essential that the warrant should come from some other official ; and if so, it is because of some statutory provision. In other words, it is exclusively a regulation of statute law whether the authority for collection is conferred directly upon the collector by the statute itself, or indirectly through some other officer to whom the statute has intrusted the power of issuing such authority ; for, if it is competent for the legislature to delegate to some subordinate person or body this power, the same, in the absence of constitutional limitation, may be conferred upon the collector directly by the act of the legislature itself.

In this state, prior to the amendment of 1893, the valuation of property for taxation was made by the county assessor, and he was required to prepare and deliver to the county clerk the assessment roll. After the receipt thereof by him, the county clerk then prepared an abstract of this roll, and therefrom made up the tax list, and transmitted it to the county treasurer, together with his warrant to the latter for the collection of the taxes therein included. General Statutes, 1883, sec. 2863, *et seq.* (2 Mills' Ann. Stats. sec. 3826).

But in 1893 (Session Laws, 1893, pp. 418–423 ; 3 Mills' Ann. Stats. sec. 3826, *et seq.*), a change was made, and said duties theretofore imposed, and powers theretofore conferred, upon the county clerk were all withdrawn and vested in the county assessor, so that since that time the statute makes it the duty of the county assessor not only to make the assessment, but to prepare said abstract and tax list, and to issue said warrant to the treasurer.

But it is argued by counsel for appellee that this legislation of 1893 was not intended to, and does not, apply to the collection of municipal taxes or assessments ; for sec. 3350, a part of the original municipal corporation act, makes it the duty of the county clerk to extend them on the tax list and include them in his general warrant of collection to the treasurer, and it has not been amended or repealed. It is true that it has not been expressly repealed ; but it seems very clear that it is, at least, incapable of literal enforcement. This section made it the duty of the clerk to extend city taxes as soon as the assessment roll was ready for him. He made the tax list from this roll, and included the taxes in his general warrant,—that is, in the warrant for state and county taxes. Prior to 1893, the assessor furnished the clerk with the data,—viz : the assessment roll, from which, and from which only, could the clerk compute and extend the taxes and make the tax list. By the act of 1893 the assessor was relieved of this duty. Thereafter he retained in his own possession this roll, and from it computed and extended the taxes, prepared the abstract and the tax list.

The clerk no longer can make either.  Besides, the assessor, and not the county clerk, delivers to the treasurer the tax list and issues the general warrant for collection.  It therefore follows that sec. 3350 is inoperative, for it is impossible for the clerk to perform the things which that section imposes upon him.  As to state, county, and city taxes, proper, the assessor has the power possessed by the clerk prior to the act of 1893.  In other words, the effect of said act is to read into sec. 3350 the word " assessor " instead of " county clerk."

As it is now, therefore, the duty of the assessor to include city taxes in his general warrant to the treasurer, the question is, may the treasurer collect delinquent sewer assessments levied by a municipality, if they are not included in the assessor's general warrant?  With the statutory machinery now in force touching state, county, and municipal taxes proper, there is a necessity for requiring a warrant for their collection to be delivered to the treasurer by the assessor, and the statute so provides.  He values the taxable property for assessment; he determines the amount of the tax upon the basis of valuation at the rate prescribed by the body having authority to make the levy; he is the only official who can ascertain the amount of the tax; and so his warrant for their collection is provided for.

But in case of sewer assessments, no such necessity exists for requiring him to issue a collector's warrant.  The city council levies the assessment, and determines the amount thereof, upon the basis of supposed benefits ascertained by it.  The assessor has nothing to do with it in any way, and so we would not expect to find any statutory provision requiring him to exercise any authority concerning it.  It is only by reason of the fact that sec. 3352 makes applicable to such sewer assessments the general laws of the state for the assessment and collection of general taxes, except as modified by the act itself, that any such claim is made that the county clerk, or assessor, must issue this warrant.  But it is apparent, without any argument, that the general laws relating

to the assessment of general taxes are, in great measure, inapplicable. And such general laws for collecting taxes, in so far as concerns a warrant from any other county officer for their collection, are inapplicable, and they are modified by the municipal corporation act itself. Sec. 3351, so far as pertinent here, is hereinbefore quoted. A fair construction of that section is, that when the municipality by ordinance so provides, this section and said ordinance together constitute the authority, and the only authority, which the treasurer has for collecting said delinquent municipal assessments, in the same manner as he collects state, county and municipal taxes; and that when the municipality furnishes to the treasurer—as in this case it properly did, through the certificate of its city clerk, in accordance with the provision of the ordinance to that effect,—with proof of the passage of an appropriate ordinance, the treasurer, without any other warrant, has the authority to collect the delinquent municipal assessment in the same manner as he collects other taxes. That portion of sec. 3350 requiring certification to the county clerk may be entirely disregarded. It is not essential to the right of a treasurer to collect. To comply with its direction would no longer serve any useful purpose, and to omit compliance therewith would, at most, be an irregularity, and, in no sense, injuriously affect the right of the delinquent owner, or impair the right of the treasurer to collect. The statute and the ordinance furnish this authority. See on these points: *Parker v. Sexton*, 29 Iowa, 421; *C. R. & M. R. R. Co. et al. v. Carroll County*, 41 Iowa, 153; *The Iowa R. R. Land Co. v. County of Sac*, 39 Ia. 124; *The Iowa R. R. Land Co. v. Carroll County*, 39 Ia. 151.

Compliance having been made by the municipality in substantial conformity to these views, it follows that the treasurer had full authority in this case to proceed to the advertising and sale of the plaintiff's property. The judgment of the court is, therefore, reversed, and the cause remanded to the district court with instructions to dismiss the action.

*Reversed.*