[No. 3357.]

## WALSH V. SPRANKLE, County Treasurer, ET AL.

1. TAXES—*Bill to Enjoin Collection.* In an action to enjoin the collection of a tax on the ground of an excessive and oppressive valuation of the plaintiff's property, the complaint must allege a tender of such part of the tax as is admitted.

Action to restrain the collection of the public revenues are not favored.

2. PLEADING—*Conclusions.* A complaint seeking to enjoin the collection of tax on the ground of an excessive increase in the valuation of plaintiff's property, over that returned by him, alleged that the valuation returned by plaintiff in his schedule, was "a just and fair valuation as compared with other and similar real estate similarly situated." Held a mere conclusion.

*Appeal from Clear Creek District Court.* HON. FLOR ASHBAUGH, JUDGE.

Messrs. BULLIS and CULLOM, for appellant.

Mr. E. M. SABIN, for appellees.

Presiding Judge Scott delivered the opinion of the court.

This is an action to restrain the collection of a tax. It is alleged in the complaint that for the year 1906, the appellant turned in to the county assessor of Clear Creek county for assessment for that year, certain real estate as of the value of $400.00; that later and while the board of county commissioners of that county was sitting as a board of equalization it raised the valuation of this property from $400.00 to $3850.00; that the plaintiff was on the same day duly advised of the action of the board of equalization, and thereafter appeared and objected to this assessment, which objection was overruled; that the said action of the board was not

an act of equalization and was without authority of law, unjust and oppressive, and that the valuation contained in the schedule returned to the assessor was the fair value of the property as measured by other assessments in Clear Creek county; that the treasurer of such county had published a notice of the sale of the premises for the delinquent taxes based upon the valuation as fixed by the board of equalization, and is about to and will sell the same unless restrained. That the plaintiff has no remedy save in a court of equity, with a prayer that the county treasurer be enjoined from the sale of the premises.

The temporary injunction was issued at the time, and later the defendants, the county treasurer and the board of county commissioners demurred to the complaint upon the grounds:

1. That the complaint does not set forth facts sufficient to constitute a cause for equitable relief.

2. That the court is without jurisdiction to issue an injunction in this action.

The demurrer was sustained by the court, the injunction dissolved and the case dismissed. From this action of the court the plaintiff in error, now appeals.

We do not think the complaint in this cause sufficient to sustain an action either at law or equity.

In addition to defects pointed out in the cases hereinafter cited, the complaint fails to allege a tender of payment of the tax admitted by the complaint to be due and payable.

The complaint recites that the valuation returned in the schedule, was a just and fair valua-

tion of the real estate in question as compared with other and similar real estate, similarly situated in Clear Creek county. This is a mere conclusion and a very general conclusion at that.

The complaint should state facts upon which a conclusion of this kind is based. Again, it is settled in this jurisdiction that injunctions to restrain the collection of public revenues are not favored.

*Ins. Co. v. Bonner*, 7 Colo. App. 97; 24 Colo. 221; *People v. District Court*, 29 Colo. 194.

*The judgment is affirmed.*

All the judges concurring.

Decided January 8, A. D. 1912.   Rehearing denied March 11, A. D. 1912.