[No. 3448.]

COUNTY OF TELLER ET AL. v. ACORN GOLD MINING CO. ET AL.

1. INJUNCTION—*To Restrain Collection of Tax—Tender.* Bill to restrain the execution of deeds for certain unproductive mining claims sold for taxes, on the ground of excessive valuation in the assessment. The bill admitted a liability for some tax, but contained no averment of an offer to pay any amount, but alleging that it was impossible for plaintiffs to estimate what valuation should have been made of the properties if the assessor had proceeded according to law, and that "the data upon which the estimation could be made are within the possession of the assessor, the taxing board, and officers of the county." The bill contained other averments indicating a very thorough knowledge by the plaintiffs of the valuation of similar properties made in nearly every other county of the state. *Held*, that in view of these allegations, and the presumption that access might have been had to the data in possession of the officers of the county, it was apparent that the correct valuation was capable of ascertainment by the plaintiffs, and the omission of an allegation of tender was not excused.

2. DELINQUENT TAXES—*Interest—Penalties.* Held further, that the taxpayers should be required to pay the interest and penalties prescribed by statute, upon the amount ultimately found to be due.

3. PRECEDENTS—*Effect.* The opinion of the supreme court in a cause in which jurisdiction was renounced, but which was afterwards cited as an authority in the same court, held controlling as to the doctrines there announced, even as to those not parties to the record.

4. WRIT OF ERROR—*Judgment.* A decree will not be disturbed as to those who make no complaint.

*Error to El Paso District Court.*   HON. J. W. SHEAFOR, Judge.

Mr. Tully Scott, Mr. C. P. Nevitt, Messrs. Thomas, Bryant & Malburn, for plaintiffs in error.

Mr. Hildreth Frost, Messrs. Schuyler & Schuyler, for defendants in error.

Cunningham, Presiding Judge.

The contest involved in this appeal grew out of the assessment of certain non-productive mining claims in Teller County for the year 1900, and the sale thereof for overdue taxes. A large number of owners of non-productive properties, including the defendants in error in this case, numbering upwards of two hundred and fifty, in December, 1900, filed their petitions under the provisions of section 3839, M. A. S., to the county commissioners, asking for relief from what they claimed to be unjust, unequal and unlawful assessments. The complaint of the mine owners went to the question of valuation which they contended was unjust. These petitions were heard and denied by the county commissioners. The petitioning mine owners, including these defendants in error, thereupon stipulated with the county commissioners to allow four of said petitioners, to wit, The Anaconda Mining Company, the Hart Mining Company, The Moon Anchor Mining Company and the Pilgrim Consolidated Mining Company to appeal to the district court under the statute, and that said four cases so appealed should be deemed test cases for the purpose of finally determining the rights of all the petitioners, including the defendants in error, and that upon the final decision in said cases by the courts and the certification thereof to the board, the assessments and taxes of all the petitioners should be adjusted in accordance with such final determination. The appeal as to the four cases was thereupon perfected and came to trial in the district court of Teller County in March, 1901—the Anaconda Company, however, having made a settlement or adjustment of its difficulties, dropped out

of the litigation, and the other three became the test cases under the agreement. The district court heard these cases on appeal, and judgment was rendered by it against the petitioners and for the county. Thereupon, an appeal was taken to the supreme court, which was dismissed on the ground that the supreme court was without jurisdiction. The action of the supreme court in the matter of the appeal is reported in 32 Colorado, 234; all three of the cases were consolidated, and for convenience are referred to as the *Pilgrim* case.

In the *Pilgrim* case, *supra,* the supreme court made a very full statement of many of the facts, which makes it unnecessary for us to encumber the record here by their repetition. Thereafter, i. e., after the dismissal of the appeal by the supreme court, a writ of error was sued out of the former court of appeals, which latter court held that the judgment of the district court was final because rendered in a special statutory proceeding which did not provide for a review. See *Pilgrim Consolidated Mining Company v. Board of County Commissioners of Teller County,* 20 Colo. App., 311.

In the meantime, while the cases were pending in the supreme court and the court of appeals, the county treasurer caused the property of the defendants in error to be sold for taxes, and by the time the cases were finally determined in the court of appeals the time for redeeming from the tax sales lacked but a few days of having expired. Thereupon, the defendants in error here (who were parties to the original stipulation hereinbefore referred to, but not the four companies who actually took the appeal from the ruling of the commissioners and prosecuted the litigation through all the courts) brought this equitable action in the district court against the county treasurer for the purpose of restraining him from issuing tax deeds on their property. The district court first issued a temporary restraining order, and later a

temporary injunction, which was finally made permanent. The final decree of the district court, from which this appeal is prosecuted, adjudged null and void and of no effect the taxes assessed against defendants in error's property, and decreed all the proceedings under the assessments for that year, in so far as the same affected the property of the defendants in error, void and illegal, and perpetually enjoined the treasurer from making, executing, issuing or delivering any tax deeds to the property of the defendants in error, and restrained the county treasurer and the county commissioners, who, during the litigation, had been made a party defendant to the proceeding, from in any manner enforcing or seeking to enforce the payment of the taxes levied upon the defendants in error's property for the year 1900. On motion of the county treasurer filed after his appearance had been entered, the holders of the tax certificates were brought in and made parties defendant. No appearance was ever made by these holders of the tax certificates so brought in, and before the final hearing they were defaulted, and a decree perpetually enjoining and restraining them from procuring or seeking to procure from the county treasurer the issuance of any tax deed or deeds for the property named in their certificates of sale was entered. These tax certificate holders were further ordered to forthwith surrender to the clerk of the court for cancellation their certificates of sale, and the clerk of the court is by the decree ordered, upon their surrender, to mark same "cancelled by the judgment of the district court of El Paso County." No exception was ever saved to this decree entered as by default against the tax certificate holders, and no appeal was ever prayed from it, hence none of the tax certificate holders are parties to this appeal, unless it is the county.

It will be seen from the foregoing that by the decree of the district court the mine owners interested in this

case were entirely relieved from the payment of any taxes whatever on their property for the year 1900, and this, notwithstanding that in their bill filed in this cause, they "offer to pay any amount of taxes now or hereafter found to be due by this honorable .court or which may hereafter be assessed against the said property by the proper official of said county for the taxes of said year 1900." The petitioners plead in their bill as an excuse for not having made tender of any taxes due on their property, "that it is impossible for your petitioners to estimate or ascertain what would have been the valuation assessed against the property of your petitioners for revenue purposes for the year 1900 in said county had the assessor proceeded in said year in the manner provided by statute * * * but the information and data upon which the estimation could be made are within the possession of the assessor and taxing board and officers of the county of Teller." Nowhere in their bill do the plaintiffs negative their liability for taxes, but, on the contrary, it will be seen from the quotation just made therefrom that they practically admit such liability.

The case was submitted upon an agreed statement of facts, hence the contentions urged here by opposing counsel present purely questions of law. Many intricate and extremely difficult questions are brought forward on behalf of the respective parties, and debated with rare skill, evincing great learning and much research. If this case were permitted to turn upon technicalities, we should experience great difficulty in determining to which of the contending parties victory should be awarded. For instance, a literal interpretation of the stipulation entered into by the four mining companies who prosecuted their appeal from the findings of the county commissioners, which stipulation it is conceded was entered into on behalf of these defendants in error as well, might warrant a ruling that the defendants in error were precluded by

the judgment of the district court from further litigating the questions presented in this case. This, upon the theory that their appeal having been dismissed by the supreme court, and their writ of error sharing a similar fate in the court of appeals, the judgment of the district court against them became and was final. On the other hand, it is plausibly urged by the defendants in error that the county having sold their property at tax sale, and thereby realized the money which it claimed to be due for the delinquent taxes, and the holders of the tax certificates issued by the county treasurer having suffered judgment to go against them by default, no practical relief of any kind whatsoever can be obtained by plaintiffs in error through a reversal of the decree of the lower court entered herein, and that, for this reason, this appeal presents a moot question.

It appears from the records in this case that at the tax sale the county bid in a considerable portion of the property here involved, and that the county holds these tax certificates. Hence, it is apparent that upon these particular properties the county has received nothing by way of taxes for the year 1900, and we are disposed to think, from an examination of the entire record, that the default against the holders of the tax certificates and the decree entered thereon does not properly include the county, and should not control it.

It is not at all difficult to discover from the history of this litigation, which has been prolonged over more than a dozen long and weary years, three facts that stand forth prominently, namely, (a) that the mining companies here involved ought to have paid to the county for the year 1900 a just tax; (b) that by the decree of the district court they have been relieved from paying any tax whatever for that year, and (c) that the valuation put upon their property by the assessor, and the tax levied thereon, by reason of such unjust valuation, has been

held by the supreme court in the *Pilgrim* case to be grossly unjust. It may be said, indeed, it is contended by defendants, that the ruling of the supreme court in the *Pilgrim* case is not binding, inasmuch as that court finally held that it was without jurisdiction to consider the questions presented to it. But we find that the opinion in that case has been quoted and followed by our supreme court in *Foster v. Hart Consolidated Mining Company*, 52 Colo., 474, 122 Pac., 53.

The ends of justice will, in our judgment, be best subserved by a reversal of the decree of the district court, rendered in this case, and the remanding of the case with instructions to that court, upon the application of either of the parties hereto, to take such further proceedings as may be necessary to ascertain the just liabilities of the defendants in error to the county for taxes for the year 1900, limited, however, to the properties bid in by the county at the tax sale the following year, such proceedings to be in conformity with the views expressed by the supreme court in the case of *Pilgrim Consolidated Mining Company v. Board of County Commissioners of Teller County*, 32 Colo., 334, touching the question of valuation.

We are not favorably impressed with the contention of the defendants in error that they were, in the circumstances of this case, relieved from making a tender of any sum whatsoever before bringing this action. The only justification attempted to be plead by the defendants in error for their failure to make tender of the amount of taxes justly due is that it was impossible for them to "estimate or ascertain what would have been the valuation assessed against the property of your petitioners for revenue purposes for the year 1900 had the assessor proceeded in said year in the manner provided by statute." This allegation does not comport with other portions of the bill, wherein the defendants in error make allegations indicating a very thorough knowledge of the

correct valuations upon mining properties similar to their own in practically every mining county in the state. Furthermore, it is alleged by the defendants in error that "the information and data upon which such ascertainment (meaning the ascertainment of valuations) could be made are within the possession of the assessor and taxing board and officers of the county of Teller." It must, therefore, be presumed that the appellees, if they had made proper effort so to do, could have had access to this data in the possession of the public officials of Teller County. In *Walsh v. Sprankle,* 21 Colo. App., 129, we ruled that in an action to enjoin the collection of taxes upon the ground of excessive and oppressive valuation, the complaint must allege a tender of such part of the tax as it admitted, and we there held that the complaint, having failed to so allege, was bad on demurrer. It is true that no specific amount of tax is admitted in this case to be due, but a liability is in effect admitted, and it is apparent that the amount of that liability, even granting the theory of plaintiffs to be the correct one, was capable of ascertainment. Therefore, they should be required to pay the interest and other penalties provided by the statutes of this state governing delinquent taxes, upon whatever sum it may ultimately be determined they should have paid to the county for the taxes of 1900 upon the properties which the county was obliged to bid in at the tax sale.

The decree rendered by the district court against the holders of the tax certificates will not be disturbed, except as the same may apply, if it does apply, to the rights of the county of Teller.

The judgment of the district court is reversed and remanded for further proceedings in conformity with the views herein expressed.

*Reversed and Remanded.*