[No. 8264.]

## NILE IRRIGATION DISTRICT V. ENGLISH ET AL.

1. IRRIGATION DISTRICT—*Taxes For.* Taxes regularly assessed and levied for a duly organized and lawfully existing irrigation district are of equal dignity with other taxes, and should be respected, and the collection thereof enforced, as in the case of other taxes. (409.)

2. INJUNCTION—*To Restrain the Collection of Taxes.* Equity entertains actions to enjoin the collection of taxes only where the case presented is within some well recognized branch of equity jurisprudence. In view of the public interest and the provisions of the statute (Rev. Stat. sec. 5750), which affords a complete remedy to one entitled to relief, only under the most exceptional and unusual circumstances will the action be entertained. (410.)

Payment or tender of the tax assailed must be averred. (411.)

3. PLEADINGS—*Construed.* A complaint seeking to restrain the collection of taxes for an irrigation district was entitled in the name of a single land owner, "and others similarly situated;" but it was not averred that there were any others in this class. *Held* that the mere inference afforded by the title was not sufficient to warrant the conclusion that a multiplicity of suits would be avoided, or to sustain the action as one of equitable cognizance. (410.)

Bill to restrain the collection of taxes levied for an irrigation district, pursuant to the statute (Rev. Stat. secs. 3457, 3459), averred, against the tax levied for the general expense fund, that the district was not the owner of any irrigation system, and had no need of a general expense fund. *Held* mere conclusion of the pleader. (410.)

4. —— *Irreparable Injury,* as the ground of an application for injunctive relief must appear by averment of issuable facts, showing that the result feared will ensue if the injunction is denied. (411.)

5. —— *Amendment.* Opportunity had been repeatedly afforded to the plaintiff in the court below, to amend her complaint, and had been persistently rejected. In reversing a judgment in her favor direction was given that the action be dismissed. (412.)

*Error to Morgan District Court.* Hon. H. P. BURKE, Judge.

Mr. PERRY D. ROSE, Mr. ROY C. HECOX, for plaintiff in error.

Messrs. COEN & COEN, and MELVILLE & MELVILLE, for defendants in error.

Mr. N. C. MILLER, Messrs GRIFFITH, WATSON & SMITH,

Mr. PLATT ROGERS, Mr. JAMES GRAFTON ROGERS, *Amici Curiae*.

Mr. JUSTICE BAILEY delivered the opinion of the court.

This action was brought in the District Court of Morgan County, on November 26th, 1913, by Harriet N. English, on behalf of herself and others similarly situated, against George L. Cudworth, County Treasurer of that county, and ex officio Treasurer of the Nile Irrigation District, to enjoin the collection of any and all taxes levied against said district for the year 1912. The district intervened, and to a judgment and decree in favor of plaintiff, prosecutes this writ of error.

Among other things, the complaint alleges in substance and effect that the Nile Irrigation District is a municipal corporation, organized and existing under the laws of the State of Colorado governing the organization of irrigation districts, situated in Morgan County; that the board of directors of that district certified to the board of commissioners of Morgan County the respective amounts necessary to meet the expenses of the district, whereupon the latter board levied a tax upon lands of the irrigation district of 55 mills for the general expense fund and 465 mills for the bond interest fund; that the amount of the tax so levied against the land of the plaintiff is $88.00 for the general fund, and $744.00 for the bond interest fund; that such pretended levy and assessment constitute a cloud upon the title of the plaintiff, in that the defendant has created a further cloud by having advertised for sale the lands for such alleged and pretended irrigation district taxes, and that the defendant is now threatening to, on the 5th day of December, 1913, sell the lands for such pretended irrigation taxes pursuant to advertisement; that if the defendant is permitted to sell the lands under the tax sale as advertised, then and in that event, great and irreparable injury will result to this plain-

tiff, in this, that a cloud will be further created and placed upon her title by reason of the sale, and the issuance of a certificate therefor; that the irrigation district is not the owner of any irrigation system or water works constructed or existing under the laws of this state, and has no need or requirement for a general fund; that the irrigation district has no valid, outstanding and subsisting bonded indebtedness in any amount drawing interest, or at all; and that plaintiff has no plain, adequate or speedy remedy at law.

A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, nor sufficient facts to authorize the granting of the relief prayed for, was interposed and overruled. An answer was filed setting forth, among other things, the same objections to the jurisdiction of the court, and the sufficiency of the complaint as were raised by the demurrer. A motion to strike, and a demurrer to the answer, were interposed by plaintiff and overruled, whereupon replication was filed. The cause was tried to the court without a jury. When plaintiff rested her case a motion for non-suit was made for the reason, among others, that the complaint states no cause of action; indeed, the proceeding was challenged promptly and at every opportunity upon that identical ground.

Sections 3457 and 3459, Revised Statutes 1908, respectively, read as follows:

"It shall be the duty of the board of directors (of an irrigation district), on or before September first of each year, to determine the amount of money required to meet the maintenance, operating and current expenses for the ensuing year, and to certify to the county commissioners of the county in which the office of said district is located, said amount, together with such additional amount as may be necessary to meet any deficiency in the payment of said expenses theretofore incurred."

"It shall be the duty of the county commissioners of the

county in which is located the office of any irrigation district, immediately upon receipt of the returns of the total assessment of said district, and upon the receipt of the certificate of the board of directors certifying the total amount of money required to be raised as herein provided, to fix the rate of levy necessary to provide said amount of money, and to fix the rate necessary to provide the amount of money required to pay the interest and principal of the bonds of said district as the same shall become due; also, to fix the rate necessary to provide the amount of money required for any other purposes as in this act provided, and which are to be raised by the levy of assessments upon the real property of said district; and to certify said respective rates to the county commissioners of each county embracing any portion of said district. The rate of levy necessary to raise the required amount of money on the assessed valution of the property of said district shall be increased fifteen per cent. to cover delinquencies. For the purposes of said district it shall be the duty of the county commissioners of each county in which any irrigation district is located in whole or in part, at the time of making levy for county purposes, to make a levy, at the rates above specified, upon all real estate in said district within their respective counties. All taxes levied under this act are special taxes."

The complaint affirmatively shows that the irrigation district is a duly organized and lawfully existing municipal corporation under the laws of this state, and also discloses the precise amount of tax levied, respectively, for general expense, and for bond interest. It was the unconditional duty of the board of county commissioners, under the law, to levy as was done the amount of taxes for both funds as certified by the board of directors of the district. We see no reason why taxes regularly assessed and levied for the use and benefit of a duly organized and lawfully existing irrigation district are not of equal validity and dignity with, or

why they should not be respected and enforced the same as other taxes.

The complaint fails to state a cause of action of equitable cognizance. It does not appear therefrom that plaintiff has no plain, adequate or speedy remedy at law. That a multiplicity of suits would be avoided is no more than a mere inference to be drawn from the title of the cause, there being no averment whatever in the body of the complaint on this subject. That failure to grant the relief prayed would work irreparable injury to plaintiff is simply the viewpoint of the pleader, and not otherwise deducible; no issuable fact or facts are alleged which show or indicate that such a result will or can follow if injunctive relief be denied. The only allegation against the validity of the tax levied for the general expense fund is that the district is not the owner of any irrigation system under the laws of this state and has no need or requirement for a general fund. In the absence of other averments of fact from which these allegations necessarily follow they are mere conclusions. Equity intervenes only where issuable facts of equitable cognizance are stated. Certainly this complaint does nothing of the sort, especially in view of the plain provisions of the statute commanding the assessment, levy and collection of taxes for irrigation district purposes.

It has been so often held by this and other courts that equity will not entertain suits to enjoin the collection of taxes, except when brought under some well recognized head of equity jurisprudence, the wonder is that such actions are still brought, when no facts are alleged which bring them within the settled rule. *Insurance Co. v. Bonner*, 7 Colo. App. 97, 42 Pac. 681; same case, 24 Colo. 220, 49 Pac. 366; *Wason v. Major*, 10 Colo. App. 181, 50 Pac. 741; *Hallett v. Arapahoe County*, 40 Colo. 308, 90 Pac. 678; *Bent County v. Santa Fe Co.*, 52 Colo. 609, 125 Pac. 528; *City of Highlands v. Johnson*, 24 Colo. 371, 51 Pac. 1004; *Woodward v.*

*Ellsworth,* 4 Colo. 580; *Price et al. v. Kramer et al.,* 4 Colo. 546; *Tallon v. Vindicator Consol. Gold Mining Co.,* 149 Pac. 108; *State Railroad Tax Cases,* 92 U. S. 575, 613, 23 L. Ed. 663; *Dows v. City of Chicago,* 11 Wall. 108, 20 L. Ed. 65; *Singer Sewing Machine Co. v. Benedict,* 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288; *Union Pac. R. Co. v. Board of Com'rs,* 217 Fed. 540, 133 C. C. A. 392; same case on rehearing, 222 Fed. 651, 138 C. C. A. 175; High on Injunctions, § 34 and notes.

Under the facts of this case as disclosed by the complaint, in view of the statutes requiring assessment and levy of taxes for irrigation districts, there is no issuable averment which shows or even tends to show that the tax assessed for general expense fund purposes is not a valid and existing claim against the property of plaintiff. An allegation of payment or tender of payment at least of that tax was necessary to maintain this proceeding. The complaint contains no such showing. *Hildreth v. City of Longmont,* 47 Colo. 79, 107, 105 Pac. 107; *Hallett v. U. S. Sec. & Bond Co.,* 40 Colo. 281, 288, 90 Pac. 683; *City of Denver v. Kennedy,* 33 Colo. 80, 92, 80 Pac. 122, 467; *City of Highlands v. Johnson, supra; County of Teller et al. v. Acorn Gold Mining Co.,* 23 Colo. App. 407, 414, 130 Pac. 74; *Walsh v. Sprankle,* 21 Colo. App. 129, 121 Pac. 951.

To uphold the injunction issued upon this complaint would be an invitation to every taxpayer in the state to undertake to escape payment of any tax levied, by filing complaint containing only argumentative allegations and conclusions to the effect that the tax is void, that a cloud is created on title, or threatened, and that irreparable injury will result if collection be not enjoined, without a single fact averment as a basis for such conclusions. Equity requires complete, clear and distinct allegations of issuable facts to justify the injunction in this class of cases, and it must definitely appear by proper averments that great and irre-

parable injury will result, either because of a multiplicity of suits or otherwise, before equity will lend its extraordinary aid.

Upon a full consideration of public interest, of judicial pronouncement in general upon the subject involved, and of our statute, Sec. 5750 R. S. 1908, which affords a complete remedy in a proper case, we are of opinion that it is rarely possible, and then under most exceptional and unusual circumstances,, that a cause of action to restrain the collection of taxes can be stated of which equity will or ought to take cognizance. In this case nothing is averred to negative the conclusion that plaintiff, if aggrieved, has a plain, adequate and speedy remedy at law, to which she should be remitted.

Since it clearly appears that no cause of action at all is stated in the complaint, it would be a grotesque proceeding under such circumstances for the court to discuss or determine other important, vital and far-reaching questions presented and argued.

In view of the fact that plaintiff has had abundant opportunity to amend her complaint and has persistently declined to do so, the judgment is reversed and the cause remanded to the trial court, with directions to enter an order of dismissal.

*Judgment reversed and cause remanded.*

Decision *en banc.*

Mr. JUSTICE HILL not participating.

Decided November 1, A. D. 1915.   Rehearing denied January 3, A. D. 1916.