No. 8796.

KENDRICK v. A. Y. & MINNIE MINING & MILLING COMPANY.

TAXATION—*Excessive Levy—Remedy of Taxpayer.* The remedy of a property owner for the levy of an excessive tax thereon, is to pay the tax, and proceed under Rev. Stat., sec. 5750.

*Error to Lake District Court, Hon. Chas. A. Wilkin, Judge.*

Mr. JOS. W. CLARKE, County Attorney for plaintiff in error.

Mr. JOHN A. EWING and Mr. MICHAEL F. RYAN, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

THE A. Y. & Minnie Mining and Milling Company is the owner of a producing mine located in Lake county. This action involves a portion of the tax on such mine for the year 1912. Assessment of the tax was made by the County Assessor, in all respects as provided by law.

On October 22, 1913, the State Board of Equalization upon the recommendation of the State Tax Commission, raised the total assessed valuation of Lake county, in the sum of $2,275,000, or 23.42 per cent. Thereafter the county assessor acting under the order of the State Tax Commis-

sion, and the State Board of Equalization, proceeded to place such assessment on the properties of the county, in compliance with the action of the State Board making such raise in valuation, after deducting from such sum, assessments on properties thereafter discovered. The discovery and assessment of these later properties reduced the increased per cent of valuation of the county to 15.52 per cent. ·The assessed valuation of the property of the A. Y. & Minnie ·Mining and Milling Company was thus increased from $76,548.75 to $88,429.00.

The company paid an amount of tax equal to the levy on the original assessment, but declined to pay the increase arising by reason of the order of the State Board of Equalization. The County Treasurer proceeded to advertise the property for sale to recover the delinquent tax. This action is a proceeding in injunction to prevent such sale and collection.

The other defendants in error are in the same relative situation as the A. Y. & Minnie M. & M. Company. The court granted a temporary injunction which it afterward made permanent. The county brings the case here for review.

By legislation and by the uniform decisions of this court, actions the purpose of which is to restrain the collection of the public revenue, have been discouraged. *Hallett v. Arapahoe Co.* 40 Colo. 315, 90 Pac. 678; *Highlands v. Johnson,* 24 Colo. 371, 51 Pac. 1004; *Ins. Co. v. Bonner,* 24 Colo. 220, 49 Pac. 366; *Tallon v. Vindicator M. Co.,* 59 Colo. 316, 149 Pac. 108; *Bent Co. v. Santa Fe Co.,* 52 Colo. 609, 125 Pac. 528; *Nile Dist. v. English,* 60 Colo. 406, 153 Pac. 760.

But the law has provided a plain, speedy and adequate remedy at law for the hearing and determination of the grievances of plaintiff. It was the duty of complainants in this case to have paid the whole of the tax assessed, and to have proceeded under authority of sec. 5750, Rev. Stat. 1908.

The judgment is reversed and the cause dismissed.

*En Banc.*